Stephen Arnot OSB # 070765
Assistant United States Trustee
Christian A. Torimino, WSBA #52927
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov
          christian.torimino@usdoj.gov

Attorney(s) for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Van's Aircraft, Inc.,<br><br>Debtor(s). | Case No. 23-62260-dwh11<br><br>UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL |

Gregory M. Garvin, Acting United States Trustee for Region 18 (the U.S. Trustee), by and through Assistant United States Trustee Stephen Arnot, raises the following objections to the Debtor's Motion for Authority for Use of Cash Collateral (ECF Doc. 11) and the proposed order attached thereto:

1. Debtor failed to establish that the cash collateral is necessary to prevent irreparable harm until the final hearing on the Use of Cash Collateral.

2. Paragraph F of the proposed order contains a provision binding the debtor to a determination that the secured creditor's claim is valid and enforceable, that there are no offsets, defenses, or counterclaims to that debt, and that the lien is valid and enforceable. The order also indicates that the security interest are "not subject to subordination," despite the fact that the Motion to Obtain Credit filed by Debtor seeks

**Page 1 - UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

to subordinate or "prime" that lien. Because the priming loan is the same lender as the cash collateral holder, this can likely be resolved by consent; however, the order should be clarified on the issue of subordination.

3. Paragraph 4 of the order states that the replacement liens "**shall be subordinate the lien** and provisions of the order approving the Credit Motion…" This appears to be a typographical error, which leaves ambiguous which lien—the replacement lien or the priming lien in connection with the Credit Motion—will have higher priority.

4. Paragraph 4 further has language regarding the effect of the Replacement Liens being Inadequate. To the extent this is intended to mirror the provisions to Section 507(b), the additional language should be deleted or simplified by simply citing that section. To the extent it provides relief beyond the protections of Section 507(b), the U.S. Trustee objects.

5. The U.S. Trustee objects to Section 5 of the order in its entirety. Not only does it require the debtor to waive the estates rights to chapter 5 claims against the secured creditor, it also grants the creditor a security interest in any property recovered pursuant to chapter 5 claims. While this is a "discouraged provision" under LBF 541(a)(5)(a)(6), the motion itself does not highlight that provision as required by the procedures in that local bankruptcy form.

6. The U.S. Trustee objects to Paragraph 12. The motion did not request this relief or lay the basis for it being provided.

Attached to this objection is a copy of the order with handwritten markups regarding the above issues.

DATED this 7th day of December 2023.

> Respectfully submitted,
> GREGORY M. GARVIN
> Acting United States Trustee for Region 18
>
> /s/ Stephen Arnot
> STEPHEN ARNOT OSB # 070765
> Assistant United States Trustee

## CERTIFICATE OF SERVICE

      I hereby certify that on December 7, 2023, I served a copy of the foregoing UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL on all parties included on the Court's CM/ECF electronic service list.

                                        GREGORY M. GARVIN
                                        Acting United States Trustee for Region 18


                                        /s/ Stephen Arnot
                                        STEPHEN ARNOT OSB # 070765
                                        Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Van's Aircraft, Inc.,

        Debtor.

Case No. 23-62260-dwh11

**INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

      THIS MATTER having come before this Court upon the motion (the "Motion") of Van's Aircraft, Inc. ("Debtor"), the debtor-in-possession herein, seeking interim authority to use cash collateral. The Court, having reviewed the files and records herein, and having considered the presentations of counsel, finds, and concludes the following:

      A.      On December 4, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code.

      B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions, and the Court has authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

**Page 1 of 9 –** ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 23    Filed 12/07/23

C. On or about October 30, 2023, Mrs. Diane E. Van Grunsven ("Mrs. Van Grunsven") entered into a secured promissory note with Debtor in the principal amount of $2,000,000 ("October 2023 Loan"). The October 2023 Loan is secured by a deed of trust as to real property owned by the Debtor and a blanket lien on Debtor's personal property, which was perfected by filing a UCC financing statement in all personal property assets of the Debtor. Prior to the Petition Date, as part of her estate planning, Mrs. Van Grunsven transferred her interests in the October 2023 Loan to The Richard E. Van Grunsven and Diane E. Van Grunsven Trust (the "Trust"). The October 2023 Loan and all other documents, instruments, amendments, modifications, and agreements relating to that loan are collectively referred to herein as the "October 2023 Van Grunsven Secured Loan Documents."

D. The real and personal property secured by the October 2023 Loan are collectively referred to herein as the "October 2023 Van Grunsven Collateral."

E. Debtor remains indebted to the Trust for the unpaid principal balance in the amount of $2,000,000, plus interest through the Petition Date, together with attorney's fees, costs, and other expenses owing under the October 2023 Van Grunsven Secured Loan Documents (collectively, the "October 2023 Van Grunsven Trust Secured Debt").

F. Debtor admits that the October 2023 Van Grunsven Trust Secured Debt constitutes legal, valid, and binding obligations of Debtor, enforceable in accordance with their respective terms (other than in respect of the stay of enforcement arising under Bankruptcy Code § 362), that no offsets, defenses, or counterclaims to the October 2023 Van Grunsven Secured Debt exist, and that no portion of the October 2023 Van Grunsven Secured Debt is subject to recharacterization, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law. Debtor also admits that Trust's liens on and security interests in the October 2023 Van Grunsven Collateral (the "October 2023 Van Grunsven Liens") constitute valid, binding, enforceable, and perfected liens on and security interests in the October 2023 Van Grunsven Collateral, and that such liens and security interests are not subject to subordination.

[Handwritten margin notes: "waiver of strongarm claims", "mtn to borrow calls for subordination"]

Page 2 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

The foregoing admissions are without prejudice to the right of any other party-in-interest in this Chapter 11 case to challenge the amounts of the October 2023 Van Grunsven Trust Secured Debt, or the validity, enforceability, perfection, or priority of the October 2023 Van Grunsven Liens on and security interests in the October 2023 Van Grunsven Collateral.

G. Debtor admits that all of Debtor's cash [as of when?], including, but not limited to, cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral"), is cash collateral of the Trust within the meaning of 11 U.S.C. § 363(a) and is included in the October 2023 Van Grunsven Collateral.

H. Debtor requires the immediate use of Cash Collateral to minimize disruption to, and avoid termination of, its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rule 4001(b)(2). Debtor proposes to use Cash Collateral pursuant to the terms set forth herein and the budget attached hereto as **Exhibit A** (the "Interim Budget"). Debtor has requested that the Trust consent to Debtor's use of the Trust's cash collateral, and the Trust has agreed to do so on the terms set forth in this Order.

Now, based upon the foregoing, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED in accordance with Bankruptcy Rule 4001(b) to the extent provided in this Order. Any objections to the Motion with respect to entry of this Order to the extent not withdrawn, waived, or otherwise resolved, and all reservations of rights therein, are hereby denied and overruled on the merits.

2. Debtor is hereby authorized, on an interim basis, to use Cash Collateral to fund the reasonable, necessary, and ordinary costs and expenses of its operations through the date that is the earlier of (a) December 31, 2023, and (b) entry of a subsequent order of the Court terminating Debtor's authority to use Cash Collateral, but only in accordance with the terms of this Order and the Interim Budget.

[replacement lien?]

Page 3 of 9 –   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440
Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

3.      Debtor shall be in compliance with its obligations related to the Interim Budget so long as (a) the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than 10% for any given month, or on a cumulative basis; and (b) the amount of the line item in the Interim Budget for "Availability (Over-Advance)" does not deteriorate by more than 10% for any given month (the "Variances"). The Variances may be increased by amounts necessary to fund Debtor's operations with the prior written consent of the Trust and without further order of the Court. Debtor shall otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court. On or before 10 days after the end of each month, Debtor shall deliver to the Trust a report comparing, on a line item and aggregate basis, Debtor's actual performance to the Interim Budget.

4.      Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, as and for adequate protection for Debtor's use of Cash Collateral, the Trust is hereby granted a valid, binding, enforceable, and perfected security interest and lien (the "Replacement Liens") in the same priority as the October 2023 Van Grunsven Liens in and to all personal property of Debtor, whether now owned or hereafter acquired and wherever located, that is of the same type of personal property as the October 2023 Van Grunsven Collateral, and all rents, profits, and other proceeds thereof (the "Replacement Collateral") except such liens shall be subordinate the lien and provisions of the order approving the Credit Motion with respect to the post-petition loan from the Trust, including the carveout provisions thereof. To the extent the Replacement Liens prove to be inadequate to protect against diminution in the value of the October 2023 Van Grunsven Collateral resulting from Debtor's postpetition use of the Cash Collateral, the Trust shall be entitled to an allowed administrative expense claim under Section 503(b) of the Bankruptcy Code that will have super priority as provided in Section 507(b) of the Bankruptcy Code against non-exempt property of the Debtor's estate (real and personal, tangible and intangible), whenever acquired or arising (the "Superpriority Claim"), but excluding those claims

[Handwritten margin notes: "Subordinate to?"; "Delete - superfluous"]

Page 4 of 9 –   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) the liens and security interests and Carve Out granted under the order authorizing Debtor to obtain post-petition credit from the Trust. The Replacement Liens and Superpriority Claim are in addition to the October 2023 Van Grunsven Liens, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The granting of such Replacement Liens and Superpriority Claim shall be in addition to the Trust's respective rights in the October 2023 Van Grunsven Collateral, and nothing herein shall constitute a waiver of the Trust's respective rights in the October 2023 Van Grunsven Collateral. The Replacement Liens shall be senior in priority to any and all liens or security interests in the assets of Debtor and its estates, whenever granted, except as set forth in an order authorizing Debtor to obtain post-petition credit from the Trust. Granting these Replacement Liens to the Trust is for the purpose of providing adequate protection to the Trust to protect its allowed secured claims as of the Petition Date and is not intended, nor shall it be deemed, to improve its collateral position as of the Petition Date.

[handwritten margin notes: "Delete"; "waiver of argument as to priority"; "Delete"; "Gives Ch. 5 ch. 7 trustee no ability to assert actions"]

5. The Replacement Lien and the Superpriority Claim (a) shall not be subject to sections 510, 542, 549, 550, or 551 of the Bankruptcy Code, (subject to entry of the final order on the Motion) the "equities of the case" exception of section 552 of the Bankruptcy Code, or (subject to entry of the final order on the Motion) section 506(c) of the Bankruptcy Code, (b) shall be senior in priority and right of payment to any lien that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or otherwise and, and (c) shall be valid and enforceable against any trustee or any other estate representative appointed or elected in this proceeding, whether upon the conversion to a case under chapter 7 of the Bankruptcy Code or appointed in this proceeding prior to conversion, or in any other proceedings related to any of the foregoing.

Page 5 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

6.    This Order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the Replacement Lien, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the Replacement Collateral, or other act to validate or perfect such security interest or lien (each, a "Perfection Act"). Notwithstanding the foregoing, if the Trust shall, in its sole discretion, elect for any reason to file, record, or otherwise effectuate any Perfection Act, the Trust is authorized to perform such act, and the Debtor is authorized and directed to perform such act to the extent necessary or reasonably required by the Trust, which act or acts shall be deemed to have been accomplished as of the Petition Date, notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law. The Trust may choose to file, record, or present a certified copy of this Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file, and/or record such certified copy of this Order in accordance with applicable law. Should the Trust so choose and attempt to file, record, and/or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the post-petition liens and security interests granted herein by virtue of the entry of this Order.

7.    Debtor shall otherwise comply in all respects with the provisions of the October 2023 Van Grunsven Secured Loan Documents to the extent consistent with the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, maintenance of the Trust's collateral and insurance (including all property and casualty risks).

8.    This Order shall not constitute a waiver by the Trust of any of its respective rights under the October 2023 Van Grunsven Secured Loan Documents, the Bankruptcy Code, or other applicable law including, without limitation, (a) the Trust's rights to later assert that,

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 23    Filed 12/07/23

notwithstanding the terms and provisions of this Order, any of its interests in, respectively, the October 2023 Van Grunsven Collateral, lack adequate protection within the meaning of Bankruptcy Code §§ 362(d)(1) or 363(e); or (b) the Trust's rights to assert a claim under Bankruptcy Code Sections 506(b) and/or 507(b). [*Delete, Superfluous*] Any rights granted to the Trust in this Order are in addition to, and not intended as a waiver or substitution for, any rights, remedies, liens, or security interests granted to them, respectively, under the October 2023 Van Grunsven Secured Loan Documents, or the right to adequate protection under Bankruptcy Code § 363. The Trust's failure, at any time or hereafter, to require strict performance by Debtor (or by any trustee) of any provision of this Order shall not waive, affect, or diminish any right of it thereafter to demand strict compliance and performance therewith. No delay on the part of the Trust in the exercise of any right or remedy under, respectively, the October 2023 Van Grunsven Secured Loan Documents, or under this Order, shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.

9. Debtor shall permit representatives, agents, trustees, and/or employees of the Trust to have reasonable access to its premises and to its records during normal business hours (without unreasonable interference with the proper operation of Debtor's business), and shall cooperate, consult with, and provide to such persons all such nonprivileged information as they may reasonably request.

10. The authority of Debtor to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (each, a "Change Event") (a) Debtor's material breach [*By Secured Creditor?*] of this Order or the Interim Budget that is not cured within five business days after written notice to counsel for Debtor; ~~(b) entry of an order that stays, reverses, vacates, or modifies this Order in any material respect without the prior written consent of the Trust;~~ (c) conversion of Debtor's case to a case under Chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this Chapter 11 case. Upon the occurrence of a Change Event, the Trust shall have the right to schedule a hearing before this Court seeking such relief as they may

Page 7 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

deem appropriate upon five business days' notice to (i) counsel for Debtor; (ii) counsel for any statutory committee appointed herein, or if no such committee has been appointed, then to the 20 largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

11. The provisions of this Order (i) shall be binding on any trustee appointed by the Court in either this case or upon the conversion of this case to one under Chapter 7 and (ii) shall survive confirmation of the any plan in the case or any dismissal of the case.

12. If any or all provisions of this Order are hereafter reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay shall not affect the validity of any obligation to the Trust that is or was incurred by Debtor pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation, or stay. Such reversal, modification, vacation, or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

13. This Order shall be effective as of the date of entry by the Court.

IT IS FURTHER ORDERED that a continued and proposed hearing on Debtor's Motion shall be held by the Court in Courtroom _____ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Ave., ctrm. ___, Portland, Oregon 97204 on _____, 2023, at _____.m. before the Honorable _____. Within three business days after the entry hereof, Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the further hearing.

### 

Page 8 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11   Doc 11   Filed 12/04/23
Case 23-62260-dwh11   Doc 23   Filed 12/07/23

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By _____
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava Schoen, OSB No. 044072
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099
Telephone:   (503) 221-1440
Facsimile:   (503) 274-8779
Email:   tim.conway@tonkon.com
         michael.fletcher@tonkon.com
         ava.schoen@tonkon.com

Attorneys for Debtor

Page 9 of 9 –   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23
Case 23-62260-dwh11    Doc 23    Filed 12/07/23

# EXHIBIT A

## Interim Budget