In re

**Van's Aircraft, Inc.**

Case No. ___**23-62260-dwh11**___

☐ Amended

**Notice of Final Hearing on Motion [*Check One*]**

☒ **For Use of Cash Collateral**

☐ **To Obtain Credit**

Debtor

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, **Debtor Van's Aircraft, Inc.** _____,
filed a Motion ☒ For Use of Cash Collateral ☐ To Obtain Credit (check one). The
motion is attached and includes the statement required by Local Bankruptcy Form
(LBF) 541.5, Procedures re: Motions for Use of Cash Collateral or to Obtain Credit.

2. The name and service address of the moving party's attorney (or moving party, if no
attorney) are: **Timothy J. Conway, Tonkon Torp LLP, 888 SW Fifth Ave., Ste. 1600,
Portland, OR 97204** _____

3. An evidentiary hearing on the motion, at which witnesses may testify, will be held as
follows:

**Date:** ___**12/19/2023**___      **Time:** ___**9:30 am**___

**Location**:

☐ Courtroom #_____, _____

☐ Telephone Hearing [*See LBF 888, Telephone Hearing Requirements.*]

   **Call In Number:** (888) 684-8852

   **Access Code:** ☐ 5870400 for Judge David W. Hercher (dwh)

   ☐ 1238244 for Judge Peter C. McKittrick (pcm)

   ☐ 4950985 for Judge Teresa H. Pearson (thp)

   ☐ 3388495 for Judge Thomas M. Renn (tmr)

☒ Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

**541 (12/1/2022)**      Page 1 of 2

4. If you wish to object to the motion, you must, within 14 days of the date of the filing of the motion, or December 18, 2023, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. trustee and the attorney or party named in paragraph 2 above.

5. I certify that on ___12/08/2023___ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent (or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)), any creditors' committee attorney, the U.S. trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

**The Richard E. Van Grunsven**
**and Diane E. Van Grunsven Trust**
**c/o Garrett Ledgerwood**
**c/o Gib Masters**
**Miller Nash LLP**
**111 SW Fifth Ave, Ste 3400**
**Portland, OR 97204**

| | |
|---|---|
| */s/ Timothy J. Conway* | 851752 |
| Signature of Moving Party or Attorney | OSB# |

| | |
|---|---|
| 14401 Keil Road NE, Aurora, OR 97002 | (-7693) |
| (If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID# | |

1  Timothy J. Conway, OSB No. 851752
        Direct Dial: (503) 802-2027
2       Email: tim.conway@tonkon.com
3  Michael W. Fletcher, OSB No. 010448
        Direct Dial: (503) 802-2169
4       E-Mail: michael.fletcher@tonkon.com
   Ava Schoen, OSB No. 044072
5       Direct Dial: (503) 802-2143
        Email: ava.schoen@tonkon.com
6  Tonkon Torp LLP
   888 SW Fifth Ave., Suite 1600
7  Portland, OR 97204
   Main: 503.221.1440
8  Facsimile: 503.274.8779

9       Attorneys for Debtor

10

11              UNITED STATES BANKRUPTCY COURT

12                   DISTRICT OF OREGON

13  In re                                    Case No. 23-62260-dwh11

14  Van's Aircraft, Inc.,                    **DEBTOR'S MOTION FOR
                                             TEMPORARY AND FINAL
15                    Debtor.                AUTHORITY TO USE CASH
                                             COLLATERAL**
16
                                             *EXPEDITED HEARING REQUESTED*
17

18         Pursuant to 11 U.S.C. § 363(c), Bankruptcy Rule 4001(b), and Local Bankruptcy Rule

19  4001-1, Van's Aircraft, Inc. ("Debtor"), moves this Court for (i) entry of an Interim

20  Order Authorizing Debtor's Use of Cash Collateral and (ii) after a final hearing held pursuant to

21  Bankruptcy Rule 4001(c)(2), entry of a final order authorizing Debtor to use cash collateral

22  during the pendency of this case.  In support of this motion, Debtor incorporates the statements

23  contained in the Declaration of Clyde A. Hamstreet in Support of Debtor's First Day Pleadings

24  filed contemporaneously herewith and further states as follows:

25         1.      On December 4, 2023 (the "Petition Date"), Debtor filed its voluntary petition for

26  relief under Chapter 11 of the United States Bankruptcy Code.

**Page 1 of** 5 –   DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440
Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 30    Filed 12/08/23

1       2.     Debtor has continued in possession of its property and is continuing to operate

2 and manage its business as Debtor-In-Possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3       3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

4 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

5 proceeding pursuant to 28 U.S.C. § 157(b)(2).

6       4.     No request has been made for the appointment of a trustee or an examiner, and no

7 official creditors' committee has yet been established in this case.

8       5.     Debtor is a corporation organized and existing under the laws of Oregon.

9       6.     Debtor is a kit aircraft manufacturer, founded in 1972. The Van's RV series of

10 aircraft are all-aluminum, low-wing monoplanes of monocoque construction. As of October,

11 2023, over 11,000 Van's RV kits have been reported as completed and flown by customers, with

12 thousands more are under construction, making them most numerous of all homebuilt aircraft.

13 The Van's Aircraft factory is currently located at a 60,000 square foot facility in Aurora, Oregon,

14 and has approximately 110 employees.

15       7.     On or about October 30, 2023, Mrs. Diane E. Van Grunsven ("Mrs. Van Grunsven")

16 entered into a secured promissory note with Debtor in the principal amount of $2,000,000

17 ("October 2023 Loan"). The October 2023 Loan is secured by a deed of trust as to real property

18 owned by the Debtor and a blanket lien on Debtor's personal property which was perfected by

19 filing a UCC financing statement in all personal property assets of the Debtor. Prior to the

20 Petition Date, as part of her estate planning, Mrs. Van Grunsven transferred her interests in the

21 October 2023 Loan to The Richard E. Van Grunsven and Diane E. Van Grunsven Trust (the

22 "Trust").

23       8.     To preserve and maintain the assets of this bankruptcy estate and to preserve the

24 value of Debtor as a going concern, Debtor requires the use of the Trust's cash collateral.

25

26

Page 2 of 5 – DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440
Case 23-62260-dwh11   Doc 11   Filed 12/04/23

Case 23-62260-dwh11   Doc 30   Filed 12/08/23

9. Debtor has prepared a 13-week cash collateral budget (attached hereto as **Exhibit 1**) (the "Budget") setting forth the amount necessary for Debtor's continued operations prior to the final hearing and during such 13-week period.

10. Contemporaneously herewith, Debtor has filed a motion seeking authority to obtain post-petition financing from the Trust pursuant to 11 U.S.C. §§ 364(c) and (d) ("Credit Motion") to enable Debtor to fund its operating and administrative expenses to the extent that cash collateral is not sufficient.

11. Without the use of cash collateral, Debtor has insufficient funds to meet its expenses and other obligations set forth in the budget. Debtor has an immediate need to use the Trust's cash collateral to pay its suppliers, employees, benefit plans, and ongoing operating expenses.

12. It is in the best interest of Debtor, its creditors, and its estate for Debtor to use the Trust's cash collateral because the use of cash collateral will allow the continued operation of Debtor as a going concern, will maximize the likelihood of reorganization, and will maximize the recovery to all creditors.

13. To provide adequate protection for the use by Debtor of the Trust's cash collateral, Debtor proposes that the Trust be granted (i) a replacement security interest in and lien upon Debtor's assets generated or acquired from and after the Petition Date of the same category, kind, character, and description as were subject to the Trust's lien on the Petition Date (the "Replacement Lien") and (ii) an allowed administrative expense claim under Section 503(b) of the Bankruptcy Code that will have super priority as provided in Section 507(b) of the Bankruptcy Code against non-exempt property of the Debtor's estate (real and personal, tangible and intangible), whenever acquired or arising, but excluding those claims and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Lien, and (C) the lien granted to the Trust pursuant to order approving the Credit Motion. The

**Page 3 of** 5 – DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1 | Replacement Lien shall be junior to the lien and provisions of the order approving the Credit

2 | Motion with respect to the post-petition loan from the Trust, including the Carve Out provisions

3 | thereof.  The adequate protection granted to Trust shall not enhance or improve the position of

4 | the Trust with respect to its pre-petition debt.

5 | 14.    Debtor will suffer immediate and irreparable harm if it is not permitted to use the

6 | Trust's cash collateral.  Without the use of the Trust's cash collateral, Debtor will not be able to

7 | pay its payroll and other operating expenses and obligations set forth in the budget, Debtor's

8 | operations will need to cease, and the value of Debtor's assets will be materially diminished.

9 | 15.    None of the provisions set forth in paragraph 5 of LBF 541.5 are included in this

10 | motion or the proposed order, except that pursuant to LBF 541.5(5)(a)(3), the proposed order at

11 | paragraph F provides that the obligations to the Trust pursuant to the October 2023 Loan

12 | constitute valid, binding, enforceable, and perfected liens on and security interests in the

13 | collateral and that such liens and security interests are not subject to subordination.  However,

14 | that paragraph states that "[t]he foregoing admissions are without prejudice to the right any

15 | party-in-interest in this Chapter 11 case to challenge the amounts of the October 2023 Van

16 | Grunsven Trust Secured Debt, or the validity, enforceability, perfection, or priority of the Trust

17 | liens on and security interests in the Trust's collateral."  Finally, paragraph 9 of the proposed

18 | order states that the "provisions of this Order shall be binding on any trustee appointed by the

19 | Court in either this case or upon the conversion of this case to one under Chapter 7."

20 | 16.    A copy of the proposed Interim Order Authorizing Debtor's Use of Cash

21 | Collateral is attached hereto as **Exhibit 2**.

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

Page 4 of  5 –   DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 30    Filed 12/08/23

1    WHEREFORE, Debtor prays that this Court enter an interim order (a) authorizing Debtor

2    to use cash collateral pending a final hearing on this motion; (b) granting to the Trust adequate

3    protection as herein proposed or as otherwise approved by the Court; and (c) setting a final or

4    continued hearing on this motion.

5        DATED:  December 4, 2023.

6                            TONKON TORP LLP

7

8                            By /s/ Timothy J. Conway
                                Timothy J. Conway, OSB No. 851752
9                               Michael W. Fletcher, OSB No. 010448
                                Ava Schoen, OSB No. 044072
10                              Attorneys for Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 5 of** 5 –   DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440
Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 30    Filed 12/08/23

# EXHIBIT 1

## CASH COLLATERAL BUDGET

**Van's Aircraft**
**Weekly Kit and SLSA Unit Orders**

| Cash Inflows: | Thirteen Weeks 12/3/2023 | 12/10/2023 | 12/17/2023 | 12/24/2023 | 12/31/2023 | 1/7/2024 | 1/14/2024 | 1/21/2024 | 1/28/2024 | 2/4/2024 | 2/11/2024 | 2/18/2024 | Plan Due 2/25/2024 | 13 Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Collections of Deposits on New Orders & Re-orders** | | | | | | | | | | | | | | |
| Deposits on SLSA RV-12s | - | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 252,000 |
| Release of Egyptian Funds | 200,000 | | | | | | | | | | | | | 200,000 |
| Deposits on Kits | - | 53,360 | 53,360 | 53,360 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 1,217,751 |
| Collected into Trust Account | - | (53,360) | (53,360) | (53,360) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (1,217,751) |
| Released from Trust Account for Production | - | 2,808 | 15,842 | 13,459 | 37,384 | 49,845 | 49,845 | 6,630 | 8,049 | 8,049 | 8,049 | 8,049 | 8,049 | 216,055 |
| Trust Funds released for production | - | 223,808 | 36,842 | 34,459 | 58,384 | 70,845 | 70,845 | 27,630 | 29,049 | 29,049 | 29,049 | 29,049 | 29,049 | 668,055 |
| **Collections on Shipments & Deliveries** | | | | | | | | | | | | | | |
| Collection on RV15s | - | - | | | | | | | | - | | | | - |
| Egyptian Air Force Final Payment | | 600,000 | | | | | | | | | | | | 600,000 |
| Collection on SLSA RV-12s | 144,000 | 144,000 | 144,000 | 134,698 | - | 144,000 | 194,000 | 194,000 | - | 194,000 | 194,000 | 194,000 | | 1,546,000 |
| Collection on Standard Kits | - | 224,496 | 224,496 | 134,698 | 466,952 | 583,689 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 3,677,244 |
| Collection on QB Kits | - | 140,916 | 140,916 | 84,550 | 245,147 | 325,191 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 2,074,887 |
| Collections on Shipments & Deliveries | 144,000 | 1,109,412 | 509,412 | 219,247 | 712,098 | 1,052,880 | 648,440 | 648,440 | 454,440 | 648,440 | 648,440 | 648,440 | 454,440 | 7,898,130 |
| Collections on Parts Orders | - | 37,500 | 42,500 | 42,500 | 47,500 | 47,500 | 52,500 | 52,500 | 57,500 | 57,500 | 62,500 | 62,500 | 67,500 | 630,000 |
| 3rd Party Sales Commissions | - | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 210,000 |
| **Total Collections:** | 144,000 | 1,388,220 | 606,254 | 313,706 | 835,482 | 1,188,725 | 789,285 | 746,070 | 558,489 | 752,489 | 757,489 | 757,489 | 568,489 | 9,406,185 |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Payroll-Related Disbursements: | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 2,363,000 |
| Laser-Cut Parts Remediation | - | 77,474 | 77,474 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 75,243 | 75,243 | 1,191,377 |
| Inventory & Services | 200,000 | 1,341,500 | 541,500 | 544,000 | 544,000 | 546,500 | 555,500 | 558,000 | 558,000 | 558,000 | 558,000 | 572,000 | 572,000 | 7,649,000 |
| Manufacturing Overhead | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 208,000 |
| General Administrative | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 403,000 |
| Property Tax Payments | | | | | | | | | | | | | | - |
| Contingency | 30,120 | 167,100 | 111,900 | 71,400 | 112,200 | 71,700 | 72,780 | 113,880 | 73,080 | 113,880 | 73,080 | 115,560 | 74,760 | 1,201,440 |
| **Total Operating Disbursements:** | 328,120 | 1,684,074 | 1,168,874 | 824,143 | 1,204,943 | 826,943 | 837,023 | 1,220,623 | 839,823 | 1,220,623 | 839,823 | 1,200,803 | 820,003 | 13,015,817 |
| **Other Disbursements:** | | | | | | | | | | | | | | |
| Restructuring-Related Fee Disbursements: | - | - | - | - | - | - | 360,880 | - | - | - | 214,640 | - | - | 575,520 |
| RV-15 to Market Program | 5,000 | - | - | 5,000 | - | - | - | - | - | - | 5,000 | 5,000 | - | 25,000 |
| Software Implementation | - | - | - | - | - | 50,000 | - | - | - | - | 50,000 | - | - | 100,000 |
| **Total Other Disbursements:** | 5,000 | - | - | 5,000 | - | 50,000 | 360,880 | - | - | - | 269,640 | 5,000 | - | 700,520 |
| **Cash Needed to fulfill Lycoming/Hartzell Orders in Budget Period** | | | | | | | | | | | | | | |
| Net Cash Flow from honoring Lycoming Deposits | - | | - | | | 90,000 | - | | | | 90,000 | | | 180,000 |
| Net Cash Flow from honoring Hartzell Deposits | - | | - | | | 10,000 | - | | | | 10,000 | | | 20,000 |
| | - | - | - | - | - | 100,000 | - | - | - | - | 100,000 | - | - | 200,000 |
| **Financing Related Cash Flow:** | | | | | | | | | | | | | | |
| DIP Loan Payments (Draws) | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| Loan Payment - Home Office Building | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Loan Payment - Trumpf 5000 Equipment | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| **Weekly Surplus/(Deficit)** | (189,120) | (295,854) | (562,620) | (515,437) | 1,630,539 | 211,782 | (408,618) | (474,553) | (281,334) | (473,134) | (451,974) | (448,314) | 1,748,486 | (510,151) |
| | | | | | | | | | | | | | | |
| **Beginning Cash:** | 3,000,000 | | | | | | | | | | | | | 3,000,000 |
| **Ending Cash/Cumulative Surplus/Deficit** | 2,810,880 | 2,515,026 | 1,952,406 | 1,436,969 | 3,067,508 | 3,279,290 | 2,870,673 | 2,396,120 | 2,114,786 | 1,641,651 | 1,189,677 | 741,363 | 2,489,849 | 2,489,849 |
| | | | | | | | | | | | | | | |
| **Cash Held in Trust** | - | 50,552 | 88,070 | 127,972 | 208,107 | 275,781 | 343,455 | 454,344 | 563,814 | 673,285 | 782,755 | 892,225 | 1,001,696 | |

Disclaimer: These pro forma projections are for analysis and discussion purposes only and should not be relied upon to reflect actual future results.

**Exhibit 1 - Page 1 of 1**

Case 23-62260-dwh11   Doc 11   Filed 12/04/23

Case 23-62260-dwh11   Doc 30   Filed 12/08/23

# EXHIBIT 2

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 23-62260-dwh11 |
| Van's Aircraft, Inc., | **INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL** |
| Debtor. | |

THIS MATTER having come before this Court upon the motion (the "Motion") of Van's Aircraft, Inc. ("Debtor"), the debtor-in-possession herein, seeking interim authority to use cash collateral. The Court, having reviewed the files and records herein, and having considered the presentations of counsel, finds, and concludes the following:

     A.     On December 4, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code.

     B.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions, and the Court has authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

C.      On or about October 30, 2023, Mrs. Diane E. Van Grunsven ("Mrs. Van Grunsven") entered into a secured promissory note with Debtor in the principal amount of $2,000,000 ("October 2023 Loan").  The October 2023 Loan is secured by a deed of trust as to real property owned by the Debtor and a blanket lien on Debtor's personal property, which was perfected by filing a UCC financing statement in all personal property assets of the Debtor.  Prior to the Petition Date, as part of her estate planning, Mrs. Van Grunsven transferred her interests in the October 2023 Loan to The Richard E. Van Grunsven and Diane E. Van Grunsven Trust (the "Trust").  The October 2023 Loan and all other documents, instruments, amendments, modifications, and agreements relating to that loan are collectively referred to herein as the "October 2023 Van Grunsven Secured Loan Documents."

D.      The real and personal property secured by the October 2023 Loan are collectively referred to herein as the "October 2023 Van Grunsven Collateral."

E.      Debtor remains indebted to the Trust for the unpaid principal balance in the amount of $2,000,000, plus interest through the Petition Date, together with attorney's fees, costs, and other expenses owing under the October 2023 Van Grunsven Secured Loan Documents (collectively, the "October 2023 Van Grunsven Trust Secured Debt").

F.      Debtor admits that the October 2023 Van Grunsven Trust Secured Debt constitutes legal, valid, and binding obligations of Debtor, enforceable in accordance with their respective terms (other than in respect of the stay of enforcement arising under Bankruptcy Code § 362), that no offsets, defenses, or counterclaims to the October 2023 Van Grunsven Secured Debt exist, and that no portion of the October 2023 Van Grunsven Secured Debt is subject to recharacterization, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law.  Debtor also admits that Trust's liens on and security interests in the October 2023 Van Grunsven Collateral (the "October 2023 Van Grunsven Liens") constitute valid, binding, enforceable, and perfected liens on and security interests in the October 2023 Van Grunsven Collateral, and that such liens and security interests are not subject to subordination.

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

The foregoing admissions are without prejudice to the right of any other party-in-interest in this Chapter 11 case to challenge the amounts of the October 2023 Van Grunsven Trust Secured Debt, or the validity, enforceability, perfection, or priority of the October 2023 Van Grunsven Liens on and security interests in the October 2023 Van Grunsven Collateral.

G.      Debtor admits that all of Debtor's cash, including, but not limited to, cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral"), is cash collateral of the Trust within the meaning of 11 U.S.C. § 363(a) and is included in the October 2023 Van Grunsven Collateral.

H.      Debtor requires the immediate use of Cash Collateral to minimize disruption to, and avoid termination of, its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rule 4001(b)(2).  Debtor proposes to use Cash Collateral pursuant to the terms set forth herein and the budget attached hereto as **Exhibit A** (the "Interim Budget").  Debtor has requested that the Trust consent to Debtor's use of the Trust's cash collateral, and the Trust has agreed to do so on the terms set forth in this Order.

Now, based upon the foregoing, IT IS HEREBY ORDERED as follows:

1.      The Motion is GRANTED in accordance with Bankruptcy Rule 4001(b) to the extent provided in this Order. Any objections to the Motion with respect to entry of this Order to the extent not withdrawn, waived, or otherwise resolved, and all reservations of rights therein, are hereby denied and overruled on the merits.

2.      Debtor is hereby authorized, on an interim basis, to use Cash Collateral to fund the reasonable, necessary, and ordinary costs and expenses of its operations through the date that is the earlier of (a) December 31, 2023, and (b) entry of a subsequent order of the Court terminating Debtor's authority to use Cash Collateral, but only in accordance with the terms of this Order and the Interim Budget.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

3.      Debtor shall be in compliance with its obligations related to the Interim Budget so long as (a) the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than 10% for any given month, or on a cumulative basis; and (b) the amount of the line item in the Interim Budget for "Availability (Over-Advance)" does not deteriorate by more than 10% for any given month (the "Variances").  The Variances may be increased by amounts necessary to fund Debtor's operations with the prior written consent of the Trust and without further order of the Court.  Debtor shall otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court.  On or before 10 days after the end of each month, Debtor shall deliver to the Trust a report comparing, on a line item and aggregate basis, Debtor's actual performance to the Interim Budget.

4.      Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, as and for adequate protection for Debtor's use of Cash Collateral, the Trust is hereby granted a valid, binding, enforceable, and perfected security interest and lien (the "Replacement Liens") in the same priority as the October 2023 Van Grunsven Liens in and to all personal property of Debtor, whether now owned or hereafter acquired and wherever located, that is of the same type of personal property as the October 2023 Van Grunsven Collateral, and all rents, profits, and other proceeds thereof (the "Replacement Collateral") except such liens shall be subordinate the lien and provisions of the order approving the Credit Motion with respect to the post-petition loan from the Trust, including the carveout provisions thereof.  To the extent the Replacement Liens prove to be inadequate to protect against diminution in the value of the October 2023 Van Grunsven Collateral resulting from Debtor's postpetition use of the Cash Collateral, the Trust shall be entitled to an allowed administrative expense claim under Section 503(b) of the Bankruptcy Code that will have super priority as provided in Section 507(b) of the Bankruptcy Code against non-exempt property of the Debtor's estate (real and personal, tangible and intangible), whenever acquired or arising (the "Superpriority Claim"), but excluding those claims

**Page 4 of 9** –   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 11    Filed 12/04/23

Case 23-62260-dwh11    Doc 30    Filed 12/08/23

and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) the liens and security interests and Carve Out granted under the order authorizing Debtor to obtain post-petition credit from the Trust. The Replacement Liens and Superpriority Claim are in addition to the October 2023 Van Grunsven Liens, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The granting of such Replacement Liens and Superpriority Claim shall be in addition to the Trust's respective rights in the October 2023 Van Grunsven Collateral, and nothing herein shall constitute a waiver of the Trust's respective rights in the October 2023 Van Grunsven Collateral. The Replacement Liens shall be senior in priority to any and all liens or security interests in the assets of Debtor and its estates, whenever granted, except as set forth in an order authorizing Debtor to obtain post-petition credit from the Trust. Granting these Replacement Liens to the Trust is for the purpose of providing adequate protection to the Trust to protect its allowed secured claims as of the Petition Date and is not intended, nor shall it be deemed, to improve its collateral position as of the Petition Date.

5.      The Replacement Lien and the Superpriority Claim (a) shall not be subject to sections 510, 542, 549, 550, or 551 of the Bankruptcy Code, (subject to entry of the final order on the Motion) the "equities of the case" exception of section 552 of the Bankruptcy Code, or (subject to entry of the final order on the Motion) section 506(c) of the Bankruptcy Code, (b) shall be senior in priority and right of payment to any lien that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or otherwise and, and (c) shall be valid and enforceable against any trustee or any other estate representative appointed or elected in this proceeding, whether upon the conversion to a case under chapter 7 of the Bankruptcy Code or appointed in this proceeding prior to conversion, or in any other proceedings related to any of the foregoing.

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

6.     This Order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the Replacement Lien, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the Replacement Collateral, or other act to validate or perfect such security interest or lien (each, a "Perfection Act").  Notwithstanding the foregoing, if the Trust shall, in its sole discretion, elect for any reason to file, record, or otherwise effectuate any Perfection Act, the Trust is authorized to perform such act, and the Debtor is authorized and directed to perform such act to the extent necessary or reasonably required by the Trust, which act or acts shall be deemed to have been accomplished as of the Petition Date, notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law. The Trust may choose to file, record, or present a certified copy of this Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file, and/or record such certified copy of this Order in accordance with applicable law.  Should the Trust so choose and attempt to file, record, and/or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the post-petition liens and security interests granted herein by virtue of the entry of this Order.

7.     Debtor shall otherwise comply in all respects with the provisions of the October 2023 Van Grunsven Secured Loan Documents to the extent consistent with the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, maintenance of the Trust's collateral and insurance (including all property and casualty risks).

8.     This Order shall not constitute a waiver by the Trust of any of its respective rights under the October 2023 Van Grunsven Secured Loan Documents, the Bankruptcy Code, or other applicable law including, without limitation, (a) the Trust's rights to later assert that,

notwithstanding the terms and provisions of this Order, any of its interests in, respectively, the October 2023 Van Grunsven Collateral, lack adequate protection within the meaning of Bankruptcy Code §§ 362(d)(1) or 363(e); or (b) the Trust's rights to assert a claim under Bankruptcy Code Sections 506(b) and/or 507(b). Any rights granted to the Trust in this Order are in addition to, and not intended as a waiver or substitution for, any rights, remedies, liens, or security interests granted to them, respectively, under the October 2023 Van Grunsven Secured Loan Documents, or the right to adequate protection under Bankruptcy Code § 363. The Trust's failure, at any time or hereafter, to require strict performance by Debtor (or by any trustee) of any provision of this Order shall not waive, affect, or diminish any right of it thereafter to demand strict compliance and performance therewith. No delay on the part of the Trust in the exercise of any right or remedy under, respectively, the October 2023 Van Grunsven Secured Loan Documents, or under this Order, shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.

9.      Debtor shall permit representatives, agents, trustees, and/or employees of the Trust to have reasonable access to its premises and to its records during normal business hours (without unreasonable interference with the proper operation of Debtor's business), and shall cooperate, consult with, and provide to such persons all such nonprivileged information as they may reasonably request.

10.     The authority of Debtor to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (each, a "Change Event") (a) Debtor's material breach of this Order or the Interim Budget that is not cured within five business days after written notice to counsel for Debtor; (b) entry of an order that stays, reverses, vacates, or modifies this Order in any material respect without the prior written consent of the Trust; (c) conversion of Debtor's case to a case under Chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this Chapter 11 case. Upon the occurrence of a Change Event, the Trust shall have the right to schedule a hearing before this Court seeking such relief as they may

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

deem appropriate upon five business days' notice to (i) counsel for Debtor; (ii) counsel for any statutory committee appointed herein, or if no such committee has been appointed, then to the 20 largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

11.     The provisions of this Order (i) shall be binding on any trustee appointed by the Court in either this case or upon the conversion of this case to one under Chapter 7 and (ii) shall survive confirmation of the any plan in the case or any dismissal of the case.

12.     If any or all provisions of this Order are hereafter reversed, modified, vacated, or stayed by any subsequent order of this Court, such reversal, modification, vacation, or stay shall not affect the validity of any obligation to the Trust that is or was incurred by Debtor pursuant to this Order, and that is or was incurred prior to the Effective Date of such reversal, modification, vacation, or stay. Such reversal, modification, vacation, or stay shall not affect the validity and enforceability of any priority authorized or granted by this Order.

13.     This Order shall be effective as of the date of entry by the Court.

IT IS FURTHER ORDERED that a continued and proposed hearing on Debtor's Motion shall be held by the Court in Courtroom _____ of the United States Bankruptcy Court for the District of Oregon, 1050 SW Sixth Ave., ctrm. ___, Portland, Oregon 97204 on _____, 2023, at _____.m. before the Honorable ____. Within three business days after the entry hereof, Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the further hearing.

# # #

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By _____
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   (503) 221-1440
    Facsimile:   (503) 274-8779
    Email:   tim.conway@tonkon.com
            michael.fletcher@tonkon.com
            ava.schoen@tonkon.com
    Attorneys for Debtor

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

# EXHIBIT A

**Interim Budget**

Van's Aircraft
Weekly Kit and SLSA Unit Orders

| Cash Inflows: | 12/3/2023 | 12/10/2023 | 12/17/2023 | 12/24/2023 | 12/31/2023 | 1/7/2024 | 1/14/2024 | 1/21/2024 | 1/28/2024 | 2/4/2024 | 2/11/2024 | 2/18/2024 | 2/25/2024 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Collections of Deposits on New Orders & Re-orders** | | | | | | | | | | | | | | |
| Deposits on SLSA RV-12s | - | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 252,000 |
| Release of Egyptian Funds | 200,000 | | | | | | | | | | | | | 200,000 |
| Deposits on Kits | - | 53,360 | 53,360 | 53,360 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 1,217,751 |
| Collected into Trust Account | - | (53,360) | (53,360) | (53,360) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (1,217,751) |
| Released from Trust Account for Production | - | 2,808 | 15,842 | 13,459 | 37,384 | 49,845 | 49,845 | 6,630 | 8,049 | 8,049 | 8,049 | 8,049 | 8,049 | 216,055 |
| Trust Funds released for production | - | 223,808 | 36,842 | 34,459 | 58,384 | 70,845 | 70,845 | 27,630 | 29,049 | 29,049 | 29,049 | 29,049 | 29,049 | 668,055 |
| **Collections on Shipments & Deliveries** | | | | | | | | | | | | | | |
| Collection on RV15s | - | - | | | | | | | | - | - | - | | - |
| Egyptian Air Force Final Payment | - | 600,000 | | | | | | | | | | | | 600,000 |
| Collection on SLSA RV-12s | 144,000 | 144,000 | 144,000 | 134,698 | 466,952 | 583,689 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 1,546,000 |
| Collection on Standard Kits | - | 224,496 | 224,496 | 134,698 | 466,952 | 583,689 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 3,677,244 |
| Collection on QB Kits | - | 140,916 | 140,916 | 84,550 | 245,147 | 325,191 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 2,074,887 |
| Collections on Shipments & Deliveries | 144,000 | 1,109,412 | 509,412 | 219,247 | 712,098 | 1,052,880 | 648,440 | 648,440 | 454,440 | 648,440 | 648,440 | 648,440 | 454,440 | 7,898,130 |
| Collections on Parts Orders | - | 37,500 | 42,500 | 42,500 | 47,500 | 47,500 | 52,500 | 52,500 | 57,500 | 57,500 | 62,500 | 62,500 | 67,500 | 630,000 |
| 3rd Party Sales Commissions | - | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 210,000 |
| **Total Collections:** | 144,000 | 1,388,220 | 606,254 | 313,706 | 835,482 | 1,188,725 | 789,285 | 746,070 | 558,489 | 752,489 | 757,489 | 757,489 | 568,489 | 9,406,185 |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Payroll-Related Disbursements: | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 2,363,000 |
| Laser-Cut Parts Remediation | - | 77,474 | 77,474 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 75,243 | 75,243 | 1,191,377 |
| Inventory & Services | 200,000 | 1,341,500 | 541,500 | 544,000 | 544,000 | 546,500 | 555,500 | 558,000 | 558,000 | 558,000 | 558,000 | 572,000 | 572,000 | 7,649,000 |
| Manufacturing Overhead | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 208,000 |
| General Administrative | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 403,000 |
| Property Tax Payments | | | | | | | | | | | | | | - |
| Contingency | 30,120 | 167,100 | 111,900 | 71,400 | 112,200 | 71,700 | 72,780 | 113,880 | 73,080 | 113,880 | 73,080 | 115,560 | 74,760 | 1,201,440 |
| **Total Operating Disbursements:** | 328,120 | 1,684,074 | 1,168,874 | 824,143 | 1,204,943 | 826,943 | 837,023 | 1,220,623 | 839,823 | 1,220,623 | 839,823 | 1,200,803 | 820,003 | 13,015,817 |
| **Other Disbursements:** | | | | | | | | | | | | | | |
| Restructuring-Related Fee Disbursements: | - | - | - | - | - | - | 360,880 | - | - | - | 214,640 | - | - | 575,520 |
| RV-15 to Market Program | 5,000 | - | - | 5,000 | - | - | - | - | - | 5,000 | 5,000 | 5,000 | - | 25,000 |
| Software Implementation | - | - | - | - | - | 50,000 | - | - | - | - | 50,000 | - | - | 100,000 |
| **Total Other Disbursements:** | 5,000 | - | - | 5,000 | - | 50,000 | 360,880 | - | - | 5,000 | 269,640 | 5,000 | - | 700,520 |
| **Cash Needed to fulfill Lycoming/Hartzell Orders in Budget Period** | | | | | | | | | | | | | | |
| Net Cash Flow from honoring Lycoming Deposits | - | | - | | | 90,000 | - | | | - | 90,000 | | | 180,000 |
| Net Cash Flow from honoring Hartzell Deposits | - | | - | | | 10,000 | - | | | - | 10,000 | | | 20,000 |
| | - | - | - | - | - | 100,000 | - | - | - | - | 100,000 | - | - | 200,000 |
| **Financing Related Cash Flow:** | | | | | | | | | | | | | | |
| DIP Loan Payments (Draws) | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| Loan Payment - Home Office Building | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Loan Payment - Trumpf 5000 Equipment | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| **Weekly Surplus/(Deficit)** | (189,120) | (295,854) | (562,620) | (515,437) | 1,630,539 | 211,782 | (408,618) | (474,553) | (281,334) | (473,134) | (451,974) | (448,314) | 1,748,486 | (510,151) |
| | | | | | | | | | | | | | | |
| **Beginning Cash:** | 3,000,000 | | | | | | | | | | | | | 3,000,000 |
| **Ending Cash/Cumulative Surplus/Deficit** | 2,810,880 | 2,515,026 | 1,952,406 | 1,436,969 | 3,067,508 | 3,279,290 | 2,870,673 | 2,396,120 | 2,114,786 | 1,641,651 | 1,189,677 | 741,363 | 2,489,849 | 2,489,849 |
| | | | | | | | | | | | | | | |
| **Cash Held in Trust** | - | 50,552 | 88,070 | 127,972 | 208,107 | 275,781 | 343,455 | 454,344 | 563,814 | 673,285 | 782,755 | 892,225 | 1,001,696 | |

Disclaimer: These pro forma projections are for analysis and discussion purposes only and should not be relied upon to reflect actual future results.

**Exhibit A - Page 1 of 1**