Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 23-62260-dwh11 |
| Van's Aircraft, Inc., | **ORDER APPROVING DEBTOR'S OMNIBUS MOTION TO REJECT CUSTOMER CONTRACTS UNLESS OTHERWISE AGREED AND ESTABLISH PROCEDURES THEREFORE** |
| Debtor. | |

Upon the motion (the "Motion") [ECF No. 9] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order (this "Order") authorizing and approving procedures for Debtor to reject certain executory contracts (collectively, the "Kit and Aircraft Contracts"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief

**Page 1 of 4** – ORDER APPROVING DEBTOR'S OMNIBUS MOTION TO REJECT CUSTOMER CONTRACTS UNLESS OTHERWISE AGREED AND ESTABLISH PROCEDURES THEREFORE

requested in the Motion (the "Hearing"); and the Court having found and determined that the

relief sought in the Motion is in the best interests of Debtor's estate, its creditors, and other

parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and any objections to the relief requested herein having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

      1.      The following procedures (the "Rejection Procedures") are approved in

connection with rejecting Customer Contracts:

      i.      <u>Rejection Notice</u>. Debtor will file a notice (the "Rejection Notice") to reject Kit and Aircraft Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Kit and Aircraft Contracts to be rejected; (ii) the names and addresses of the counterparties to such Kit and Aircraft Contracts; (iii) the proposed effective date of January 15, 2024 for the rejection of each such Kit and Aircraft Contracts (the "Rejection Date"); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The notice shall be alphabetical by customer's last name or business name. Each Rejection Notice will contain no more than 100 names and be served on those parties listed in that Rejection Notice in the manner set forth below.

      ii.      <u>Service of the Rejection Notice.</u> Debtor will cause the Rejection Notice to be served: (i) by regular mail upon the Kit and Aircraft Contracts counterparties affected by the Rejection Notice and (ii) by e-mail upon: (a) the Office of the U.S. Trustee; (b) counsel for the Committee, if any; and (c) all entities that have filed a request for service of filings in the above captioned chapter 11 case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

      iii.      <u>Objection Procedures</u>. Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with the Court and is actually received by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date Debtor serves the relevant Rejection Notice: (i) Kit and Aircraft Contracts counterparties affected by the Objection (if applicable); (ii) Debtor, 14401 Keil Rd. NE, Aurora, OR 97002; (iii) proposed counsel to Debtor, Tonkon Torp, Attn: Spencer Fisher, 888 SW Fifth Ave., Suite 1600, Portland, OR 97204; and (iv) the Notice Parties.

      iv.      <u>Event of No Objection</u>. If no objections are filed within fourteen (14) calendar days of the date Debtor serves the Rejection Notice and Debtor and the counterparty to a Kit and Aircraft Contract have not reached agreement by January 15, 2024, to modify the Kit and Aircraft Contract in a manner acceptable to Debtor and the counterparty to the Kit and

Case 23-62260-dwh11    Doc 32    Filed 12/08/23

Aircraft Contract, Debtor shall submit to the Court a proposed order rejecting the applicable Kit and Aircraft Contracts (the "Rejection Order"), together with a statement that there were no timely objections to the proposed relief.

            v.        <u>Unresolved Objections</u>. If an objection to the rejection of any Kit and Aircraft Contract is timely filed and not withdrawn or resolved, Debtor shall file a notice for a hearing to consider the objection for the Kit and Aircraft Contract to which such objection relates. If such objection is overruled or withdrawn, such Kit and Aircraft Contract shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date to which Debtor and the counterparty to such Customer Contract have agreed, or as ordered by the Court.

2.        Debtor shall comply with the procedural requirements of Bankruptcy 6006(f)(1), (2), and (5) when serving the Rejection Notice.

3.        The requirements of Bankruptcy Rule 6006(f)(6) are hereby waived with respect to this Motion provided however, that Debtor shall serve separate Notices of Rejection with each such notice containing no more than 100 Kit and Aircraft Contract counterparties.

4.        Approval of the Rejection Procedures and this Order will not prevent Debtor from seeking to reject a Kit and Aircraft Contract by separate motion.

5.        As part of the Rejection Notice, Debtor shall inform the Kit and Aircraft Contract counterparties that in the event their contract is rejected, the deadline for filing a claim shall be the later of any applicable claims bar date established by the Court or 30 days after the Kit and Aircraft Contract is rejected.

6.        Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.        Notice of the Motion as provided therein shall be deemed good and sufficient notice as such Motion and the requirements of Bankruptcy Rule 6004(a), to the extent applicable, and the Local Bankruptcy Rules are satisfied by such notice.

8.        The requirements of Bankruptcy Rule 6006 are satisfied.

9.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By    /s/ Ava Schoen
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:    (503) 221-1440
    Facsimile:      (503) 274-8779
    Email:    tim.conway@tonkon.com
            michael.fletcher@tonkon.com
            ava.schoen@tonkon.com
    Attorneys for Debtor

**Page 4 of 4** – ORDER APPROVING DEBTOR'S OMNIBUS MOTION TO REJECT CUSTOMER CONTRACTS UNLESS OTHERWISE AGREED AND ESTABLISH PROCEDURES THEREFORE

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 32    Filed 12/08/23