Below is an order of the court.

**The findings below are based on the hearing testimony of Clyde Hamstreet and otherwise on the absence of objection to the motion. The paragraph F debtor admission estops debtor but no one else, including the estate or any estate representative. In paragraph 4, the second sentence does not give the Trust any rights that it would not have under 11 U.S.C. sec. 507(b) in the absence of that sentence. In paragraph (5), clause (b) addresses only avoided and preserved liens and does not affect any other estate avoidance power or recovery.**

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Van's Aircraft, Inc.,<br><br>          Debtor. | Case No. 23-62260-dwh11<br><br>**INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL** |

      THIS MATTER having come before this Court upon the motion (the "Motion") [ECF No. 11] of Van's Aircraft, Inc. ("Debtor"), the debtor-in-possession herein, seeking interim authority to use cash collateral. The Court, having reviewed the files and records herein, and having considered the presentations of counsel, finds, and concludes the following:

      A.    On December 4, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code.

      B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions, and the Court has authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

**Page 1 of 9** –    ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

C. On or about October 30, 2023, Mrs. Diane E. Van Grunsven ("Mrs. Van Grunsven") entered into a secured promissory note with Debtor in the principal amount of $2,000,000 ("October 2023 Loan"). The October 2023 Loan is secured by a deed of trust as to real property owned by the Debtor and a blanket lien on Debtor's personal property, which was perfected by filing a UCC financing statement in all personal property assets of the Debtor. Prior to the Petition Date, as part of her estate planning, Mrs. Van Grunsven transferred her interests in the October 2023 Loan to The Richard E. Van Grunsven and Diane E. Van Grunsven Trust (the "Trust"). The October 2023 Loan and all other documents, instruments, amendments, modifications, and agreements relating to that loan are collectively referred to herein as the "October 2023 Van Grunsven Secured Loan Documents."

D. The real and personal property secured by the October 2023 Loan are collectively referred to herein as the "October 2023 Van Grunsven Collateral."

E. Debtor remains indebted to the Trust for the unpaid principal balance in the amount of $2,000,000, plus interest through the Petition Date, together with attorney's fees, costs, and other expenses owing under the October 2023 Van Grunsven Secured Loan Documents (collectively, the "October 2023 Van Grunsven Trust Secured Debt").

F. Debtor admits that the October 2023 Van Grunsven Trust Secured Debt constitutes legal, valid, and binding obligations of Debtor, enforceable in accordance with their respective terms (other than in respect of the stay of enforcement arising under Bankruptcy Code § 362), that no offsets, defenses, or counterclaims to the October 2023 Van Grunsven Secured Debt exist, and that no portion of the October 2023 Van Grunsven Secured Debt is subject to recharacterization, or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law. Debtor also admits that Trust's liens on and security interests in the October 2023 Van Grunsven Collateral (the "October 2023 Van Grunsven Liens") constitute valid, binding, enforceable, and perfected liens on and security interests in the October 2023 Van Grunsven Collateral, and that such liens and security interests are not subject to subordination.

**Page 2 of 9** – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

The foregoing admissions are without prejudice to the right of any other party-in-interest in this Chapter 11 case to challenge the amounts of the October 2023 Van Grunsven Trust Secured Debt, or the validity, enforceability, perfection, or priority of the October 2023 Van Grunsven Liens on and security interests in the October 2023 Van Grunsven Collateral.

G. Debtor admits that all of Debtor's cash, including, but not limited to, cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral"), is cash collateral of the Trust within the meaning of 11 U.S.C. § 363(a) and is included in the October 2023 Van Grunsven Collateral.

H. Debtor requires the immediate use of Cash Collateral to minimize disruption to, and avoid termination of, its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rule 4001(b)(2). Debtor proposes to use Cash Collateral pursuant to the terms set forth herein and the budget attached hereto as **Exhibit A** (the "Interim Budget"). Debtor has requested that the Trust consent to Debtor's use of the Trust's cash collateral, and the Trust has agreed to do so on the terms set forth in this Order.

Now, based upon the foregoing, IT IS HEREBY ORDERED as follows:

1. The Motion is GRANTED in accordance with Bankruptcy Rule 4001(b) to the extent provided in this Order. Any objections to the Motion with respect to entry of this Order to the extent not withdrawn, waived, or otherwise resolved, and all reservations of rights therein, are hereby denied and overruled on the merits.

2. Debtor is hereby authorized, on an interim basis, to use Cash Collateral to fund the reasonable, necessary, and ordinary costs and expenses of its operations through the date that is the earlier of (a) December 31, 2023, and (b) entry of a subsequent order of the Court terminating Debtor's authority to use Cash Collateral, but only in accordance with the terms of this Order and the Interim Budget.

**Page 3 of 9** – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

3. Debtor shall be in compliance with its obligations related to the Interim Budget so long as (a) the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than 10% for any given month, or on a cumulative basis; and (b) the amount of the line item in the Interim Budget for "Availability (Over-Advance)" does not deteriorate by more than 10% for any given month (the "Variances"). The Variances may be increased by amounts necessary to fund Debtor's operations with the prior written consent of the Trust and without further order of the Court. Debtor shall otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court. On or before 10 days after the end of each month, Debtor shall deliver to the Trust a report comparing, on a line item and aggregate basis, Debtor's actual performance to the Interim Budget.

4. Pursuant to Sections 361, 362, and 363 of the Bankruptcy Code, as and for adequate protection for Debtor's use of Cash Collateral, the Trust is hereby granted a valid, binding, enforceable, and perfected security interest and lien (the "Replacement Liens") in the same priority as the October 2023 Van Grunsven Liens in and to all personal property of Debtor, whether now owned or hereafter acquired and wherever located, that is of the same type of personal property as the October 2023 Van Grunsven Collateral, and all rents, profits, and other proceeds thereof (the "Replacement Collateral") except such liens shall be subordinate to the lien and provisions of the order approving the Credit Motion with respect to the post-petition loan from the Trust, including the carveout provisions thereof. To the extent the Replacement Liens prove to be inadequate to protect against diminution in the value of the October 2023 Van Grunsven Collateral resulting from Debtor's postpetition use of the Cash Collateral, the Trust shall be entitled to an allowed administrative expense claim under Section 503(b) of the Bankruptcy Code that will have super priority as provided in Section 507(b) of the Bankruptcy Code against non-exempt property of the Debtor's estate (real and personal, tangible and intangible), whenever acquired or arising (the "Superpriority Claim"), but excluding those claims

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

and causes of action of the estate arising under Chapter 5 of the Bankruptcy Code, subject only to (A) any and all validly perfected security interests and liens existing as of the Petition Date, (B) the Replacement Liens, and (C) the liens and security interests and Carve Out granted under the order authorizing Debtor to obtain post-petition credit from the Trust. The Replacement Liens and Superpriority Claim are in addition to the October 2023 Van Grunsven Liens, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The granting of such Replacement Liens and Superpriority Claim shall be in addition to the Trust's respective rights in the October 2023 Van Grunsven Collateral, and nothing herein shall constitute a waiver of the Trust's respective rights in the October 2023 Van Grunsven Collateral. The Replacement Liens shall be senior in priority to any and all liens or security interests in the assets of Debtor and its estates, whenever granted, except as set forth in an order authorizing Debtor to obtain post-petition credit from the Trust. Granting these Replacement Liens to the Trust is for the purpose of providing adequate protection to the Trust to protect its allowed secured claims as of the Petition Date and is not intended, nor shall it be deemed, to improve its collateral position as of the Petition Date.

5. The Replacement Lien and the Superpriority Claim (a) shall not be subject to sections 510, 542, 549, 550, or 551 of the Bankruptcy Code, (subject to entry of the final order on the Motion) the "equities of the case" exception of section 552 of the Bankruptcy Code, or (subject to entry of the final order on the Motion) section 506(c) of the Bankruptcy Code, (b) shall be senior in priority and right of payment to any lien that is avoided and preserved for the benefit of the Debtor and its estate under section 551 of the Bankruptcy Code or otherwise and, and (c) shall be valid and enforceable against any trustee or any other estate representative appointed or elected in this proceeding, whether upon the conversion to a case under chapter 7 of the Bankruptcy Code or appointed in this proceeding prior to conversion, or in any other proceedings related to any of the foregoing.

Page 5 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

6.  This Order shall be sufficient and conclusive evidence of the priority, perfection, and validity of the Replacement Lien, effective as of the Petition Date, without any further act and without regard to any other federal, state, or local requirements or law requiring notice, filing, registration, recording or possession of the Replacement Collateral, or other act to validate or perfect such security interest or lien (each, a "Perfection Act"). Notwithstanding the foregoing, if the Trust shall, in its sole discretion, elect for any reason to file, record, or otherwise effectuate any Perfection Act, the Trust is authorized to perform such act, and the Debtor is authorized and directed to perform such act to the extent necessary or reasonably required by the Trust, which act or acts shall be deemed to have been accomplished as of the Petition Date, notwithstanding the date and time actually accomplished, and in such event, the subject filing or recording office is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law. The Trust may choose to file, record, or present a certified copy of this Order in the same manner as a Perfection Act, which shall be tantamount to a Perfection Act, and, in such event, the subject filing or recording office is authorized to accept, file, and/or record such certified copy of this Order in accordance with applicable law. Should the Trust so choose and attempt to file, record, and/or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive or alter the validity, enforceability, attachment, or perfection of the post-petition liens and security interests granted herein by virtue of the entry of this Order.

7.  Debtor shall otherwise comply in all respects with the provisions of the October 2023 Van Grunsven Secured Loan Documents to the extent consistent with the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, maintenance of the Trust's collateral and insurance (including all property and casualty risks).

8.  This Order shall not constitute a waiver by the Trust of any of its respective rights under the October 2023 Van Grunsven Secured Loan Documents, the Bankruptcy Code, or other applicable law including, without limitation, (a) the Trust's rights to later assert that,

**Page 6 of 9** – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

notwithstanding the terms and provisions of this Order, any of its interests in, respectively, the October 2023 Van Grunsven Collateral, lack adequate protection within the meaning of Bankruptcy Code §§ 362(d)(1) or 363(e); or (b) the Trust's rights to assert a claim under Bankruptcy Code Sections 506(b) and/or 507(b). Any rights granted to the Trust in this Order are in addition to, and not intended as a waiver or substitution for, any rights, remedies, liens, or security interests granted to them, respectively, under the October 2023 Van Grunsven Secured Loan Documents, or the right to adequate protection under Bankruptcy Code § 363. The Trust's failure, at any time or hereafter, to require strict performance by Debtor (or by any trustee) of any provision of this Order shall not waive, affect, or diminish any right of it thereafter to demand strict compliance and performance therewith. No delay on the part of the Trust in the exercise of any right or remedy under, respectively, the October 2023 Van Grunsven Secured Loan Documents, or under this Order, shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.

9. Debtor shall permit representatives, agents, trustees, and/or employees of the Trust to have reasonable access to its premises and to its records during normal business hours (without unreasonable interference with the proper operation of Debtor's business), and shall cooperate, consult with, and provide to such persons all such nonprivileged information as they may reasonably request.

10. The authority of Debtor to use Cash Collateral pursuant to this Order shall terminate automatically upon the earlier of (each, a "Change Event") (a) Debtor's material breach of this Order or the Interim Budget that is not cured within five business days after written notice to counsel for Debtor; (b) entry of an order that stays, reverses, vacates, or modifies this Order in any material respect without the prior written consent of the Trust; (c) conversion of Debtor's case to a case under Chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this Chapter 11 case. Upon the occurrence of a Change Event, the Trust shall have the right to schedule a hearing before this Court seeking such relief as they may

Page 7 of 9 – ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

deem appropriate upon five business days' notice to (i) counsel for Debtor; (ii) counsel for any statutory committee appointed herein, or if no such committee has been appointed, then to the 20 largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

11. The provisions of this Order (i) shall be binding on any trustee appointed by the Court in either this case or upon the conversion of this case to one under Chapter 7 and (ii) shall survive confirmation of the any plan in the case or any dismissal of the case.

12. This Order shall be effective as of December 7, 2023.

IT IS FURTHER ORDERED that a final hearing on Debtor's Motion shall be held by the United States Bankruptcy Court for the District of Oregon by video at www.orb.uscourts.gov/video-hearings on December 19, 2023, at 9:30 a.m. before the Honorable Judge Hercher. Within three business days after the entry hereof, Debtor shall mail or otherwise serve a copy of this Order, together with a notice of the further hearing.

# # #

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By  /s/ Ava Schoen
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone: (503) 221-1440
    Facsimile: (503) 274-8779
    Email: tim.conway@tonkon.com
           michael.fletcher@tonkon.com
           ava.schoen@tonkon.com
    Attorneys for Debtor

043989\00001\16767076v1

**Page 8 of 9** –   ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 34    Filed 12/08/23

# EXHIBIT A

**Interim Budget**

**Van's Aircraft**
**Weekly Kit and SLSA Unit Orders**

| | Thirteen Weeks | | | | | | | | | | | | Plan Due | 13 Week |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash Inflows: | 12/3/2023 | 12/10/2023 | 12/17/2023 | 12/24/2023 | 12/31/2023 | 1/7/2024 | 1/14/2024 | 1/21/2024 | 1/28/2024 | 2/4/2024 | 2/11/2024 | 2/18/2024 | 2/25/2024 | Total |
| **Collections of Deposits on New Orders & Re-orders** | | | | | | | | | | | | | | |
| Deposits on SLSA RV-12s | - | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 21,000 | 252,000 |
| Release of Egyptian Funds | | 200,000 | | | | | | | | | | | | 200,000 |
| Deposits on Kits | - | 53,360 | 53,360 | 53,360 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 117,519 | 1,217,751 |
| Collected into Trust Account | - | (53,360) | (53,360) | (53,360) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (117,519) | (1,217,751) |
| Released from Trust Account for Production | - | 2,808 | 15,842 | 13,459 | 37,384 | 49,845 | 49,845 | 6,630 | 8,049 | 8,049 | 8,049 | 8,049 | 8,049 | 216,055 |
| Trust Funds released for production | - | 223,808 | 36,842 | 34,459 | 58,384 | 70,845 | 70,845 | 27,630 | 29,049 | 29,049 | 29,049 | 29,049 | 29,049 | 668,055 |
| **Collections on Shipments & Deliveries** | | | | | | | | | | | | | | |
| Collection on RV15s | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Egyptian Air Force Final Payment | | 600,000 | | | | | | | | | | | | 600,000 |
| Collection on SLSA RV-12s | 144,000 | 144,000 | 144,000 | - | - | 144,000 | 194,000 | 194,000 | - | 194,000 | 194,000 | 194,000 | - | 1,546,000 |
| Collection on Standard Kits | - | 224,496 | 224,496 | 134,698 | 466,952 | 583,689 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 291,845 | 3,677,244 |
| Collection on QB Kits | - | 140,916 | 140,916 | 84,550 | 245,147 | 325,191 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 162,595 | 2,074,887 |
| Collections on Shipments & Deliveries | 144,000 | 1,109,412 | 509,412 | 219,247 | 712,098 | 1,052,880 | 648,440 | 648,440 | 454,440 | 648,440 | 648,440 | 648,440 | 454,440 | 7,898,130 |
| Collections on Parts Orders | - | 37,500 | 42,500 | 42,500 | 47,500 | 47,500 | 52,500 | 52,500 | 57,500 | 57,500 | 62,500 | 62,500 | 67,500 | 630,000 |
| 3rd Party Sales Commissions | - | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 17,500 | 210,000 |
| **Total Collections:** | 144,000 | 1,388,220 | 606,254 | 313,706 | 835,482 | 1,188,725 | 789,285 | 746,070 | 558,489 | 752,489 | 757,489 | 757,489 | 568,489 | 9,406,185 |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Payroll-Related Disbursements: | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 391,000 | 51,000 | 2,363,000 |
| Laser-Cut Parts Remediation | - | 77,474 | 77,474 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 110,743 | 75,243 | 75,243 | 1,191,377 |
| Inventory & Services | 200,000 | 1,341,500 | 541,500 | 544,000 | 544,000 | 546,500 | 555,500 | 558,000 | 558,000 | 558,000 | 558,000 | 572,000 | 572,000 | 7,649,000 |
| Manufacturing Overhead | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 16,000 | 208,000 |
| General Administrative | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 31,000 | 403,000 |
| Property Tax Payments | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Contingency | 30,120 | 167,100 | 111,900 | 71,400 | 112,200 | 71,700 | 72,780 | 113,880 | 73,080 | 113,880 | 73,080 | 115,560 | 74,760 | 1,201,440 |
| **Total Operating Disbursements:** | 328,120 | 1,684,074 | 1,168,874 | 824,143 | 1,204,943 | 826,943 | 837,023 | 1,220,623 | 839,823 | 1,220,623 | 839,823 | 1,200,803 | 820,003 | 13,015,817 |
| **Other Disbursements:** | | | | | | | | | | | | | | |
| Restructuring-Related Fee Disbursements: | - | - | - | - | - | - | 360,880 | - | - | - | 214,640 | - | - | 575,520 |
| RV-15 to Market Program | 5,000 | - | - | 5,000 | - | - | - | - | - | 5,000 | 5,000 | 5,000 | - | 25,000 |
| Software Implementation | - | - | - | - | - | 50,000 | - | - | - | - | 50,000 | - | - | 100,000 |
| **Total Other Disbursements:** | 5,000 | - | - | 5,000 | - | 50,000 | 360,880 | - | - | 5,000 | 269,640 | 5,000 | - | 700,520 |
| **Cash Needed to fulfill Lycoming/Hartzell Orders in Budget Period** | | | | | | | | | | | | | | |
| Net Cash Flow from honoring Lycoming Deposits | - | - | - | - | 90,000 | - | | | | 90,000 | | | | 180,000 |
| Net Cash Flow from honoring Hartzell Deposits | - | - | | | 10,000 | - | | | | 10,000 | | | | 20,000 |
| | - | - | - | - | - | 100,000 | - | - | - | - | 100,000 | - | - | 200,000 |
| **Financing Related Cash Flow:** | | | | | | | | | | | | | | |
| DIP Loan Payments (Draws) | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| Loan Payment - Home Office Building | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Loan Payment - Trumpf 5000 Equipment | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | - | - | - | - | (2,000,000) | - | - | - | - | - | - | - | (2,000,000) | (4,000,000) |
| **Weekly Surplus/(Deficit)** | (189,120) | (295,854) | (562,620) | (515,437) | 1,630,539 | 211,782 | (408,618) | (474,553) | (281,334) | (473,134) | (451,974) | (448,314) | 1,748,486 | (510,151) |
| | | | | | | | | | | | | | | |
| **Beginning Cash:** | 3,000,000 | | | | | | | | | | | | | 3,000,000 |
| **Ending Cash/Cumulative Surplus/Deficit** | 2,810,880 | 2,515,026 | 1,952,406 | 1,436,969 | 3,067,508 | 3,279,290 | 2,870,673 | 2,396,120 | 2,114,786 | 1,641,651 | 1,189,677 | 741,363 | 2,489,849 | 2,489,849 |
| | | | | | | | | | | | | | | |
| **Cash Held in Trust** | - | 50,552 | 88,070 | 127,972 | 208,107 | 275,781 | 343,455 | 454,344 | 563,814 | 673,285 | 782,755 | 892,225 | 1,001,696 | |

Disclaimer: These pro forma projections are for analysis and discussion purposes only and should not be relied upon to reflect actual future results.

Page 1

**Exhibit A - Page 1 of 1**