Stephen Arnot OSB # 070765
Assistant United States Trustee
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204
Tel: (503) 326-4004
Email: steve.arnot@usdoj.gov

Attorney for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Van's Aircraft, Inc.,<br><br>Debtor(s). | Case No. 23-62260-dwh11<br><br>UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S PROPOSED CHAPTER 11 PLAN |

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "UST"), by and through Assistant United States Trustee Stephen Arnot, files this limited objection to the Debtor's proposed chapter 11 plan ("Plan"), as follows:

## Summary

The Debtor has agreed to commit 3 years net projected income for an estimate of 2.7 million to Class 5, general unsecured claimants.[1] From the projected income, the Debtor will hold back 20% to reinvest in it's business at the expense of Class 5 claimants.

The UST objects to Class 5's treatment under the Plan. In particular, the court should require the Debtor to extend the repayment period to 5 years given the fact that the Debtor's plan fails to provide for a commitment of all projected disposable income over a 3-year period. Further, the court should require the Debtor to use the actual disposable income rather than the

---

[1] Exhibit B is a chart of the Debtor's projected disposable income that will fund Class 5 over the 3-year period.

**Page 1 - UNITED STATES TRUSTEE'S LIMITED
OBJECTION TO DEBTOR'S PROPOSED CHAPTER 11 PLAN**

projected disposable income to fund the Debtor's plan and require filing of post confirmation reports to determine the actual disposable income to fund Class 5. Last, the plan lacks appropriate remedies to claimants should a dispute arise over Class 5 treatment under the chapter 11 plan.

## Argument

1. **Consensual or Non-Consensual Plan.**

Until the summary of ballots have been submitted to the court, it is unknown whether the Debtor will move forward to confirmation on a consensual or non-consensual basis. As a result, the UST reserves the right to supplement this objection and those arguments that would be applicable to confirmation either on a consensual or non-consensual basis. Irrespective of the foregoing, the UST has tried to address those objections that are applicable in either situation and relate to Class 5.

2. **The Court has the Discretion to set the Commitment Period at 5 years.**

Section 1129(a)(2) requires the Debtor comply with the applicable provisions of this title. Section 1190(2) requires the plan to provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the Plan.

Section 1191(2)(A) provides that the debtor shall fund the plan with the projected disposable income over a 3-year commitment period, <u>or such longer period, as the court may fix.</u> (emphasis added)

In a recent published opinion, the Ninth Circuit BAP clarifies how bankruptcy courts may set the commitment period for payments of disposable income, or its value, under subchapter V of the Bankruptcy Code. See *In re Orange County Bail Bonds, Inc.*, 638 B.R. 137, 71 Bankr. Ct. Dec. (CRR) 132 (B.A.P. 9th Cir. 2022). The BAP flagged the importance of its decision in the

Page 2 - UNITED STATES TRUSTEE'S LIMITED
OBJECTION TO DEBTOR'S PROPOSED CHAPTER 11 PLAN

first paragraph: "We publish to explain the unique role of the bankruptcy court, in a case under subchapter V, to set the commitment period in which a debtor must pay its projected disposable income or its value." The BAP compared subchapter V to Chapter 12 and Chapter 13 bankruptcy cases, in which the commitment period is fixed. By contrast, Bankruptcy Code § 1191 establishes a minimum of three years, and a maximum of five years, without providing any standard or guideline for determining whether to extend the period and for how long. Given the absence of statutory language, the BAP concluded that the bankruptcy court has "sole authority" with respect to the commitment period.

The commitment period under the Plan should also be extended because the Debtor is carving out 20% of the projected disposable income to reinvest in the business. [2] What those investments may be is unclear. From a review of the Plan, it appears that the investment will be to fund new positions. See Exhibit B and page 15, section 3, Corporate Reorganization. In addition, the Debtor has carved out 20% of the net disposable income over the next 3 years at a significant cost to Class 5 claimants. The commitment period should be extended to 5 years.

3. **The Court should use the actual income to determine payments to Class 5**

The projections in the Plan are not consistent with the monthly operating reports. For example, gross income for January through March 2024 is much greater than projections as a percentage of gross income, their 2024 net income (Jan. – March) is much greater at 11.34% than their net income projections of 1.53% for 2025; 1.02% for 2026; and 2.3% for 2027. The Debtor should be required to use actual income versus projected income when making its distributions to Class 5 claimants.

---

[2]. The UST assumes that the 20% will be used to fund the new position. The Debtor is creating new positions for VP of Quality Assurance, engineering, and a human resource director and other professionals.

Page 3 - UNITED STATES TRUSTEE'S LIMITED
OBJECTION TO DEBTOR'S PROPOSED CHAPTER 11 PLAN

### 4. Default and Remedies after Confirmation.

Because the provisions of a confirmed plan are binding on the debtor and creditors under § 1141(a), the plan's provisions for default and remedies control. For example, in a nonconsensual plan, § 1191(c) provides for the remedies on default which may include liquidation of nonexempt assets. See § 1191(c)(3)(B)

In this case, the remedies provided for in the chapter 11 plan, at page 27, section 8.11 are deficient and don't meet the statutory mandate. At a minimum, the Plan should include other remedies such as dismissal and/or conversion on Debtor's default under the plan.

Wherefore, The UST respectfully requests that its objections be sustained and that the court provide additional relief to the unsecured creditors as the court deems proper.

DATED this 8th day of May 2024.

    Respectfully submitted,
GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Stephen Arnot
STEPHEN ARNOT OSB # 070765
Assistant United States Trustee

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I served a copy of the foregoing UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S CHAPTER 11 PLAN on all parties included on the Court's CM/ECF electronic service list.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Stephen Arnot
STEPHEN ARNOT OSB # 070765
Assistant United States Trustee