Timothy J. Conway, OSB No. 851752
    Direct Dial: (503) 802-2027
    Email: tim.conway@tonkon.com
Michael W. Fletcher, OSB No. 010448
    Direct Dial: (503) 802-2169
    E-Mail: michael.fletcher@tonkon.com
Ava Schoen, OSB No. 044072
    Direct Dial: (503) 802-2143
    Email: ava.schoen@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Main: 503.221.1440
Facsimile: 503.274.8779

    Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Van's Aircraft, Inc.,<br><br>        Debtor. | Case No. 23-62260-dwh11<br><br>**MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND RESPONSE TO OBJECTIONS TO CONFIRMATION** |

## I.    INTRODUCTION

Van's Aircraft, Inc., Debtor and Debtor-In-Possession ("Debtor") submits this memorandum in support of confirmation of Debtor's Plan of Reorganization Pursuant to Subchapter V Under Chapter 11 (March 29, 2024) (the "Plan") [ECF No. 113] in advance of the confirmation hearing scheduled for May 15, 2024. Debtor requests entry of an Order Confirming Plan in substantially the form attached hereto as **Exhibit 1** pursuant to 11 U.S.C. § 1191(b). In support of confirmation, Debtor relies on the documents previously filed in this Bankruptcy Case, the points and authorities set forth below, and the Declaration of Clyde Hamstreet (the "Hamstreet Declaration") filed contemporaneously herewith. Debtor may also rely on additional evidence at the confirmation hearing, if necessary.

Page 1 of 15 – MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND RESPONSE TO OBJECTIONS TO CONFIRMATION

An objection to the Plan was filed by John Mason and Joseph Mason (the "Mason Objection") [ECF No. 126] and the United States Trustee ("UST Objection") [ECF No. 132]. As set forth below, the Plan should be confirmed because it satisfies each of the requirements for confirmation under 11 U.S.C. §§ 1129(a) and 1191(b); nothing in the Mason Objection or UST Objection warrants a different conclusion.

## II.  RELEVANT FACTS

### 1.  DEBTOR'S CHAPTER 11 FILING

Debtor filed its voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code[1] on December 4, 2023. Debtor has continued in possession of its property and management of its business affairs pursuant to §§ 1107, 1108 and 1184 of the Bankruptcy Code.

### 2.  SUMMARY OF THE PLAN

The Plan proposes to pay Allowed Claims from projected excess operating cash from operations over the next three years. These funds, along with the conversion of the post-petition loan from the Richard E. and Diane E. Van Grunsven Trust (the "Trust") to equity are projected to be sufficient to fund Debtor's operational expenses and Plan payments.

The Plan contains six classes of claims (Classes 1-6) and one class of interests (Class 8).[2] Class 1 and Class 3 are unimpaired. Classes 2, 4, 5, 6 and 8 are impaired. The Plan also provides for unclassified Administrative Expense and priority tax claims to be paid in full. The Plan further provides that Classes 1-4 and 6 will be satisfied in full; Class 5 will be paid in part; Class 8 will receive nothing.

### 3.  PLAN SOLICITATION AND VOTING RESULTS

On March 29, 2024, Debtor filed its Plan [ECF No. 113]. On April 1, 2024, the Court entered its Order Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing ("Order Fixing Time") [ECF No. 114]. The Order Fixing Time scheduled

---

[1] Capitalized terms not defined herein shall have the definition provided for in the Plan.
[2] The Plan does not include a Class 7.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

the confirmation hearing for May 15, 2024. The Order Fixing Time set May 8, 2024, as the deadline for submitting written ballots accepting or rejecting the Plan, and for filing objections to the Plan. The Order Fixing Time, along with the Plan and ballot, were served on all creditors and interested parties on April 8, 2024 [ECF No. 119].

All classes of Claims entitled to vote, voted in favor of the Plan as set forth in the filed Report of Administrative Expenses.

## III. THE PLAN SATISFIES THE REQUIREMENTS OF 11 U.S.C. §§ 1129(a) AND 1191(b)

Debtor's Plan is confirmable. Section 1191(b) provides that a Subchapter V plan shall be confirmed if all of the requirements of Section 1129(a), other than Sections 1129(a)(8), 1129(a)(10), and 1129(a)(15) are met if the plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the plan. Debtor's Plan meets those requirements and Debtor requests that its Plan be confirmed pursuant to Section 1191(b).

Each subsection of § 1129(a) is discussed below.

### 1. The Plan Complies With the Requirements of 11 U.S.C. § 1129(a)(1)

Section 1129(a)(1) requires that the Plan comply with the applicable provisions of Title 11. This requirement is generally accepted to mean that the Plan must comply with the classification and other requirements of 11 U.S.C. §§ 1122 and 1123. *See In re Toy & Sports Warehouse, Inc*., 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984); *In re Apex Oil Co*., 118 B.R. 683 (Bankr. E.D. Mo. 1990). The Plan complies with the applicable provisions of the Bankruptcy Code.

### 2. The Plan Complies With the Requirements of 11 U.S.C. § 1129(a)(2)

Section 1129(a)(2) requires the proponent of a Plan to comply with all applicable provisions of the Bankruptcy Code. The legislative history of this section indicates that Congress was primarily concerned "that the proponent of the plan comply with the applicable

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1  provisions of title 11, such as Section 1125 regarding disclosure." H.R. Rep. 95-595, at 412

2  (1977).  Because this is a Subchapter V case, no disclosure statement was required.

3  Nevertheless, as set forth above, Debtor has complied with all applicable provisions of the

4  Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.  In particular, (i) all creditors

5  and interested parties received proper, timely, and adequate notice of the Plan; (ii) all creditors

6  and interested parties received proper, timely, and adequate notice of the confirmation hearing

7  and deadlines for submitting ballots and objecting to the Plan; (iii) Debtor only solicited votes

8  following entry of the Order Fixing Time; and (iv) the Plan includes the more limited disclosures

9  required in a Subchapter V case provided for in Section 1190(1).

10  **3.**  **The Plan is Proposed in Good Faith and Complies With the Requirements of**

11  **11 U.S.C. § 1129(a)(3)**

12  Section 1129(a)(3) requires that a Plan be "proposed in good faith and not by any means

13  forbidden by law."  A Chapter 11 plan is proposed in good faith where it achieves a result

14  consistent with the objectives and purposes of the Bankruptcy Code.  *See Platinum Capital, Inc.*

15  *v. Sylmar Plaza, LP* (*In re Sylmar Plaza, LP*), 314 F.3d 1070, 1074 (9th Cir 2002).  In

16  determining whether the Debtor has acted in good faith in proposing a reorganization plan, the

17  Court must take into account the totality of the circumstances, including whether the plan deals

18  with the creditors in a fundamentally fair manner.  *Jorgensen v. Federal Land Bank* (*In re*

19  *Jorgensen*), 66 B.R. 104, 108-109 (9th Cir B.A.P. 1986).  Debtor's Plan deals with creditors in a

20  fundamentally fair manner and results in payments to creditors substantially in excess of what

21  they would receive if Debtor were liquidated.

22  **4.**  **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(4)**

23  Section 1129(a)(4) requires that payment "for services or for costs and expenses in or in

24  connection with the case, or in connection with the plan and incident to the case," have either

25  been approved or are subject to approval by the Court.  Any payments made by Debtor that fall

26

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1 within the scope of Section 1129(a)(4) will not be made without Court approval and, therefore,

2 this requirement is satisfied.

3      **5.**    **The Plan Complies With the Requirements of 11 U.S.C. § 1129(a)(5)**

4      Section 1129(a)(5) requires: (1) that the proponents of the Plan have disclosed the

5 identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a

6 director, officer or voting trustee of the debtor, an affiliate of the debtor participating in a joint

7 plan with the debtor, or a successor to the debtor under the plan; (2) the appointment or

8 continuance of such persons be consistent with the interests of creditors, equity security holders

9 and public policy; and (3) disclosure of the nature of the compensation to be provided to any

10 insiders to be employed or retained post-confirmation.

11      As set forth in the Plan and Hamstreet Declaration, Debtor has disclosed the identity and

12 affiliations of the individual who will manage Debtor following confirmation.  Debtor's Board of

13 Directors will be comprised of Richard Van Grunsven, Cheryl Van Grunsven, Mikael Via, Don

14 Eisele, and Rian Johnson.  The board will not be compensated for their work as board members.

15 As set forth herein, the disclosure requirements of Section 1129(a)(5) have been satisfied.

16      **6.**    **11 U.S.C. § 1129(a)(6) is Not Applicable to the Plan**

17      Debtor is not subject to any governmental regulation regarding rate changes; therefore,

18 Section 1129(a)(6) is not applicable to confirmation of the Plan.

19      **7.**    **The Plan is in the Best Interest of Creditors and Complies with the**
20               **Requirements of § 1129(a)(7)**

21      Section 1129(a)(7) requires holders of impaired classes of claims or interests either to

22 accept the Plan or "receive or retain under the plan on account of such claim or interest property

23 of a value, as of the effective date of the plan, that is not less than the amount that such holder

24 would so receive or retain if the debtor were liquidated under chapter 7 …."

25      Class 1 (Other Priority Claims) and Class 3 (Mark van Wyk) are unimpaired.

26 Accordingly, the treatment of Class 1 and Class 3 claims satisfies 11 U.S.C. § 1129(a)(7).

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1    The Plan impairs Class 2 (Van Grunsven Trust), Class 4 (Property Tax Lien Claims),

2   Class 5 (General Unsecured Claims), Class 6 (Small Unsecured Claims), and Class 8 (Interests).

3        Classes 2, 4, 5, and 6 voted in favor of the Plan.  With respect to Classes 2, 4, 5, and 6, 11

4   U.S.C. § 1129(a)(7) is satisfied.  *See* 11 U.S.C. § 1129(a)(7)(i).

5        Class 8 is deemed not to have accepted the Plan pursuant to Section 1126(g).

6   Nonetheless, with respect to Class 8, 11 U.S.C. § 1129(a)(7) is satisfied because Class 8 will

7   receive or retain property of a value, as of the Effective Date, that is not less than the amount that

8   it would receive or retain if Debtor were liquidated under chapter 7 of this title.  *See* 11 U.S.C.

9   § 1129(a)(7)(ii).  Accordingly, the requirements of 11 U.S.C. § 1129(a)(7) have been satisfied.

10       **8.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(8)**

11       Section 1129(a)(8) requires that each class of claims has either accepted the Plan or such

12  class is not impaired under the Plan.  Because Class 1 and Class 3 are unimpaired, Section

13  1129(a)(8) is satisfied as to those classes.

14       Classes 2, 4, 5, 6, and 8 are impaired under the Plan.  As set forth above, Classes 2, 4, 5,

15  and 6 voted in favor of the Plan, such that 11 U.S.C. § 1129(a)(8) is satisfied as to Classes 2, 4,

16  5, and 6.  Class 8 is deemed not to have accepted the Plan.

17       Even though Class 8 is deemed not to have accepted the Plan, Debtor requests that the

18  Plan still be confirmed pursuant to 11 U.S.C. § 1191(b).  In accordance with 11 U.S.C.

19  § 1191(b), if all of the applicable requirements of § 1129(a) other than §§ 1129(a)(8), (10), and

20  (15) are met with respect to a plan, the Court shall still confirm a plan notwithstanding the

21  requirements of subsections (a)(8), (10), and (15) if the plan does not discriminate unfairly and is

22  fair and equitable with respect to each class of claims or interests that is impaired and has not

23  accepted the plan.  Here, 11 U.S.C. § 1129(a)(8) is still satisfied because, consistent with 11

24  U.S.C. § 1191(b), the Plan does not discriminate unfairly and is fair and equitable with respect to

25  Class 8, as discussed further below.

26

**9.**     **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(9)**

Section 1129(a)(9) requires that the Plan pay all priority claims in cash on the Effective Date or deferred cash payments equal to the allowed amount of the claims within the time periods prescribed, depending on whether the class has accepted the Plan.

Section 1129(a) is satisfied because the Plan provides that all priority claims will be paid in full in cash on the later of the Effective Date or the date on which such claims are approved by the Court, unless different treatment is agreed to, or will be paid in full well prior to the prescribed time period, such as Class 4 tax lien claims being paid within 30 days after the Effective Date, which is prior to five-year period allowed.

**10.**     **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(10)**

Section 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. As set forth above, more than one class of claims (without including any acceptance of the Plan by any insider) voted in favor of the Plan.

**11.**     **The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(11)**

Debtor's Plan is feasible and satisfies the requirements of Section 1129(a)(11). The "feasibility" requirement of Section 1129(a)(11) requires that in order to confirm a plan, a court must be satisfied that confirmation "is not likely to be followed by the liquidation, or the need for further reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." To demonstrate that a plan is feasible, a debtor is required to show a "reasonable probability of success"; a debtor does not have to prove that success is inevitable. *In re Brotby*, 303 B.R. 177, 191 (B.A.P. 9th Cir. 2003) (*citing In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986)); *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002). "The mere potential for failure of the plan or the prospect of financial uncertainty is insufficient to disprove feasibility." *In re Sagewood Manor Associates Limited Partnership*, 223 B.R. 756, 762 (Bankr. D. Nev. 1998). The threshold of evidence necessary to

TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

1  establish feasibility is relatively low; a debtor need only establish that there is a reasonable

2  probability that the provisions of the plan of reorganization can be performed. *Brotby*, 303 B.R.

3  at 192; *Sagewood*, 223 B.R. at 762.

4      As set forth in the Hamstreet Declaration, Debtor has and will have adequate funds with

5  which to carry out the Plan and the projections attached as Exhibit B to the Plan (the

6  "Projections") on which Debtor relies are realistic. Accordingly, there is more than a reasonable

7  probability that the Debtor will be able to perform pursuant to the Plan.

8      For these reasons, the Plan is feasible and satisfies the requirements of Section

9  1129(a)(11).

10      **12.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(12)**

11      Section 1129(a)(12) requires that certain fees listed in 28 U.S.C. § 1930, as determined

12  by the Court at the hearing on confirmation of the Plan, have been paid or that the Plan provides

13  for the payment of all such fees on the Effective Date of the Plan. Debtor has paid the fee

14  required of it pursuant to 28 U.S.C. § 1930(a)(3). Pursuant to 28 U.S.C. § 1930(a)(6)(A) and

15  (B), in a case under Subchapter V, Debtor does not pay the fees set out therein.

16      **13.      The Plan Satisfies the Requirements of 11 U.S.C. § 1129(a)(13)**

17      Section 1129(a)(13) requires that a plan provide for the continuation of retiree benefits at

18  levels that comply with 11 U.S.C. § 1114 for the period a debtor has obligated itself to provide

19  such benefits. Section 1129(a)(13) is satisfied because Debtor will continue to provide all

20  required benefits.

21      **14.      Section 1129(a)(14) Does Not Apply to the Plan**

22      Debtor is not required to pay domestic support obligations; thus, Section 1129(a)(14) is

23  inapplicable.

24      **15.      Section 1129(a)(15) Does Not Apply to the Plan**

25      Section 1129(a)(15) does not apply because Debtor is not an individual and because

26  Section 1129(a)(15) does not apply to a case under Subchapter V. *See* 11 U.S.C. § 1181(a).

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1     **16.**     <u>**Section 1129(a)(16) Does Not Apply to the Plan**</u>

2     Section 1129(a)(16) does not apply because Debtor is not a corporation or trust that is not

3 a moneyed, business, or commercial corporation or trust.

4     **17.**     <u>**The Plan Satisfies the Requirements of 11 U.S.C. § 1191(b)**</u>

5     Because Class 8 is deemed not to have accepted the Plan, the Court shall confirm the

6 Plan if the Plan does not discriminate unfairly as to Class 8 and is fair and equitable with respect

7 to Class 8. Here, the Plan satisfies Sections 1191(b) because the Plan does not discriminate

8 unfairly and the Plan is fair and equitable with respect to Class 8.[3]

9     A.     <u>The Plan does not discriminate unfairly.</u>

10     Section 1191(b) of the Bankruptcy Code requires that a plan, among other matters, "not

11 discriminate unfairly" with respect to each class of claims or interests that is impaired under, and

12 has not accepted, the plan." 11 U.S.C. § 1191(b). Although Section 1181(b) of the Bankruptcy

13 Code provides that Section 1129(b) of the Bankruptcy Code does not apply in Subchapter V

14 cases, the fact that Section 1129(b)(1) and 1181(b) both prohibit "unfair discrimination"

15 presumably means that the same legal standards apply by analogy to that same requirement in

16 section 1191(b). *See* 11 U.S.C. § 1129(b)(1) (containing identical language). The Plan does not

17 unfairly discriminate as to Class 8, the class that is deemed not to have accepted the Plan.

18     As applied in the case at hand, Debtor's Plan properly classifies each secured claimant,

19 each type of priority claimant, general unsecured claimants, small unsecured claimants, and

20 interest holders separate and apart from one another, as is required and appropriate. As a result,

21 the Debtor's Plan does not "discriminate unfairly" against Class 8 because each class contains

22 dissimilar claims that are required to be separately classified into their own classes as a matter of

23 law. *In re Orchards Village Investments, LLC*, 2010 WL 143706 (Bankr. D. Or. 2010) ("Once

24 appropriate distinctions are recognized for separate classification of claims, the treatment of any

25     _____

26 [3] Class 8 did not object to the Plan.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1 | particular class of claims is discretionary with the plan proponent so long as all class members

2 | are treated equally.")  Moreover, Debtor's treatment of the Class 8 Claim holders is supported by

3 | Debtor's projected disposable income and is proposed in good faith.  *In re Ambanc La Mesa Ltd.*

4 | *Partnership*, 115 F.3d 650, 656 (9th Cir. 1997).  In turn, the Plan does not unfairly discriminate

5 | as to Class 8.

6 |       B.    <u>The Plan is fair and equitable.</u>

7 |       Section 1191(c)(2) provides that for a plan be fair and equitable with respect to a non-

8 | accepting impaired class (here, Class 8), Debtor's projected disposable income to be received in

9 | the three-year period from the first Plan payment will be applied to Plan payments.  Here, the

10 | Plan indeed provides that Debtor's projected disposable income to be received during the life of

11 | the Plan, beginning on the date that the first payment is due under the Plan, will be applied to

12 | make Plan payments.  Accordingly, Section 1191(c)(2)(A) is satisfied.

13 |       Furthermore, there is a reasonable likelihood that Debtor will be able to make all

14 | payments under the Plan and the Plan provides appropriate remedies to protect the holders of

15 | Claims or Interests in the event that the payments are not made.  As set forth in the Hamstreet

16 | Declaration, Debtor has and will have adequate funds with which to carry out the Plan and the

17 | Projections on which Debtor relies are realistic.  Accordingly, there is a reasonable likelihood

18 | that the Debtor will be able to perform pursuant to the Plan.  Accordingly, Section 1191(c)(3)(B)

19 | is satisfied.

20 |       For these reasons, the Plan does not discriminate unfairly, is fair and equitable, and

21 | satisfies 11 U.S.C. §§ 1191(b) and (c).

22 | **IV.**    **RESPONSES TO THE UST OBJECTION**

23 |       **1.**    <u>**A 3-Year Plan is Fair and Equitable**</u>

24 |       The UST Objection improperly and imprudently seeks to extend the Plan term from three

25 | to five years for the benefit of Class 5 General Unsecured Claims.  Notably, Class 5 -- the Class

26 | the US Trustee seeks to ostensibly advocate on behalf of – overwhelmingly voted to approve the

**Page 10 of 15** – MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION AND RESPONSE TO OBJECTIONS TO CONFIRMATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 137    Filed 05/10/24

1   Plan as a three-year plan.  Moreover, it is not the US Trustee's place to substitute its judgment

2   in place of the Debtor, the new equity, and the creditors nor is it the US Trustee's place to

3   propose an alternative plan.  See 11 U.S.C. § 1189 ("Only the debtor may file a plan under this

4   subchapter.")   As set forth herein, Debtor's Plan satisfies the requirements of Sections 1191(b)

5   and 1129(a) as a three-year Plan and should be confirmed as such.

6        Section 1191(c)(2) provides that to be fair and equitable, a non-consensual plan must

7   provide "all of the projected disposable income of the debtor to be received in the 3-year period,

8   or such longer period not to exceed 5-years as the court may fix."   The baseline presumption is

9   that a non-consensual Subchapter V plan will be a three year plan.[4] *In re Orange County Bail*

10  *Bonds, Inc.*, 638 B.R. 137, 146 (BAP 9th Cir. 2022) ("As part of the streamlined, flexible

11  process under subchapter V, the Bankruptcy Code sets a baseline requirement that a debtor

12  commit three years of projected disposable income, while it also affords the bankruptcy court

13  discretion to require more as a condition of finding a plan fair and equitable.").  Debtor's Plan is

14  a three-year plan and the UST Objection offers no valid reason why, to be fair and equitable, the

15  Court should fix otherwise.  *See In re Urgent Care Physicians, Ltd.*, 2021 WL 6090985 (Bankr.

16  E.D. Wis. Dec. 20, 2021) (finding a three-year plan was fair and equitable and recognizing the

17  need to balance the risks and rewards for both the debtor and its creditors).  Instead of

18  benefiting the Class 5 creditors, the US Trustee's request to extend the Plan term would harm

19  them.

20       What the UST Objection fails to acknowledge is that the Plan provides for $4 million in

21  post-petition financing and $3 million in pre-petition secured loans to be converted to equity so

22  long as the Plan has a three-year term.  It is this conversion of $7 million in debt to equity that

23  enabled Debtor to propose a confirmable plan that will make meaningful payments on Class 5

24  Allowed Claims.  If the Plan were not confirmed, then the $4 million post-petition loan would

25  _____

[4] Alternatively, a debtor can pledge other payments having a present value of at least the amount
26  of its projected disposable income.  *See* 11 U.S.C. § 1191(c)(2)(B).

**Page 11 of 15** – MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION AND RESPONSE TO OBJECTIONS TO CONFIRMATION

be due on the Effective Date and the $3 million in pre-petition secured loans would also need to be repaid. As the Projections make clear, Debtor does not have the funds to do this. This means that if the UST Objection were sustained, Debtor could not perform a plan and the Bankruptcy Case could be converted to Chapter 7, to the detriment of the very class of creditors the US Trustee seeks to protect. See Exhibit A to Plan (showing a projected 4% distribution to General Unsecured Claims in the event of liquidation). Moreover, such a result would cause the loss of over 100 jobs of Debtor's employees and result in the cancelation of the reorders of the 83% of customers who, post-petition, elected to enter into modified contracts, resulting in those customers being unable to complete their aircraft build projects. In summary, changing the nature of the proposed Plan would not be fair or equitable to anyone.

> ## 2. The Projections are Accurate and Consistent with Debtor's Projected Disposable Income

The UST Objection misunderstands the Projections. The Projections indeed provide that 20% of net income as of May 31, 2025 is being reinvested in Debtor for the following year. Likewise, 20% of net income as of May 31, 2026, and then 20% of net income as of May 31, 2027 is being reinvested in Debtor for each subsequent year. Those reinvestments are not cumulative as they roll over into the following year's operations and represent funds reasonably projected to be appropriate for Debtor's continued operations. Debtor is properly reinvesting these funds in its business.

Section 1191(2) defines "disposable income" as income "that is received by the debtor and that is not reasonably necessary to be expended for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor." The 20% reinvestment is exactly that. As set out in the Hamstreet Declaration, it is appropriate and necessary for Debtor to reinvest these funds into the business. The 20% that is being reinvested in Debtor is – by definition – not disposable income.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 137    Filed 05/10/24

1    Moreover, the UST Objection states that the Projections are not consistent with Debtor's

2    monthly operating reports.  As explained in the Hamstreet Declaration, this objection is

3    unfounded for two basic reasons.  First, revenue and cost of materials/labor/manufacturing

4    overhead, and selling general and administrative ("SG&A") (excluding "SG&A other") are in

5    line with the projections. On an operational basis the Plan and actual results from operations are

6    as predicted within all material respects.  Second, as was earlier reported to the U S Trustee,

7    there were unusual and significant noncash swings in the monthly statement provided to the U S

8    Trustee due to the many errors in the company books.  For comparison purposes one has to

9    remove the effect of non-cash adjustments and focus on operating income and expenses.  Once

10   these items are taken into account, the Projections are consistent and a realistic reflection of

11   Debtor's future performance.

12   **3.**        **The Plan Properly Provides for Debtor to Distribute its Projected Disposable**
              **Income**

13

14        The UST Objection seeks to require Debtor to pay its *actual* disposable income instead of

15   its *projected* disposable income.  As set out above, Section 1191(c)(2) provides that to be fair

16   and equitable, a non-consensual plan must provide for "all of the *projected* disposable income"

17   to be applied to play payments (emphasis added).

18        The Bankruptcy Code does not define "projected."  But its normal meaning is:

19   "Predicted; calculated or forecast on the basis of current trends or data."  *Projected*, OXFORD

20   DICTIONARIES, https://www.oed.com/search/dictionary/?scope=Entries&q=projected (May 9,

21   2024).  To require post confirmation reports, as the UST Objection suggests, to determine actual

22   disposable income would be to eliminate the future-looking element indicated by the word

23   "projected," as the Bankruptcy Code plainly instructs.  Simply put, to require that actual income

24   be paid into the Plan is to read the word "projected" out of the statute.  *In re Packet*

25   *Construction, LLC Debtor*, Case No. 23-10860, 2024 WL 1926345, at *2-3 (Bankr. W.D. Tex.

26   Pril 30, 2024) (disallowing the use of actual disposable income and disagreeing with *In re*

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

1  *Staples*, 2023 WL 119431 (M.D. Fla. 2023), in which a "Corrective Order" was used by the

2  court to force a true up under 11 U.S.C. 105 and the All Writs Act); *see also In re Orange*

3  *County Bail Bonds, Inc*., 638 B.R. 137 (BAP 9th Cir. 2022) (holding that a proposed payment

4  from debtor's actual disposable income does not satisfy 1191(c)(2)(A)'s projected disposable

5  income requirement).

6  ### 4.    **The Plan Remedies are Appropriate**

7          Lastly, the UST Objection takes issues with the Plan's remedies.  Section

8  1191(c)(3)(B)(ii) provides that to be fair and equitable, a non-consensual plan must provide

9  "appropriate remedies."[5]  Contrary to the UST Objection, the Plan's remedies are appropriate.

10  Section 8.11 of the Plan provides that in the Event of Default, the holder of an Allowed Claim

11  will have "all rights and remedies granted by law, this Plan, or any agreement between the holder

12  of such Claim and Debtor or Reorganized Debtor."  Moreover, Article 11 of the Plan provides

13  that the Court retains jurisdiction to, among other things, resolve controversies and disputes

14  regarding the interpretation of the Plan, to implement the provisions of the Plan, to determine the

15  validity and extent of any claim, and to adjudicate adversary proceedings or contested matters

16  hereafter commenced in the bankruptcy Court.

17          What is more, the proposed order confirming the Plan (attached hereto as Exhibit 1)

18  states that Debtor will provide quarterly reports to the Subchapter V Trustee of all payments

19  made by Debtor for Allowed Claims; the Subchapter V Trustee is obliged to ensure that Debtor

20  commences making timely payment required by the Plan, *see* 11 U.S.C. § 1183(b)(4).

21  Additionally, because this is a non-consensual case, the Subchapter V Trustee must file regular

22  status reports until the discharge of the Subchapter V Trustee, *see* LBR 2015-1(b)(2)(A)(ii),

23  which status reports provide further oversight of Debtor's Plan performance.  If an Event of

24  
---

25  [5] By its express terms, the Bankruptcy Code does not mandate liquidation of Debtor's nonexempt assets in the event of default. *See* 11 U.S.C. § 1191(c)(3)(B)(ii) ("…the plan provides

26  appropriate remedies, which **may** include the liquidation of nonexempt assets…") (bold added).

**Page 14 of 15** – MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF
REORGANIZATION AND RESPONSE TO OBJECTIONS TO CONFIRMATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 137    Filed 05/10/24

1 | Default were to occur, the Subchapter V Trustee would have authority to move to convert or

2 | dismiss the Bankruptcy Case.  Together, the Plan, confirmation order, and statutory remedies are

3 | more than appropriate remedies.

## V. RESPONSES TO THE MASON OBJECTION

The Mason Objection asserts several objections, each of which is addressed immediately below.  First, only Debtor may propose a Plan such that the Mason Objection's alternative proposed treatment is not appropriately before the Court.  11 U.S.C. § 1189 (a) ("Only the debtor may file a plan under this subchapter").  Second, to the extent the Mason Objection sets out grounds for a claim against Debtor, Messrs. Mason can file a proof of claim by the claim bar date or file a Rejection Claim, to the extent it applies, by the Rejection Claim deadline.  The assertion of a claim is not an appropriate Plan objection.  Third, Messrs. Mason's claim is appropriately included in Class 1 and/or Class 5.  Contrary to their request, their claim cannot be included in Class 3, which consists of the unrelated secured claim of a single creditor.  *See* 11 U.S.C. § 1122 (plan may place a claim in a particular class only if such claim is substantially similar to the other claims of such class).  Finally, the Plan properly treats Messrs. Mason's claim the same as other substantially similar creditors, as Debtor is required to do.  *Id.*

## VI. CONCLUSION

For the foregoing reasons, the Court should confirm the Plan and overrule the Mason Objection.

DATED:  May 10, 2024.

TONKON TORP LLP


By /s/ Ava Schoen
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    Attorneys for Debtor

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

# EXHIBIT 1

## Proposed Form of Order

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Van's Aircraft, Inc.,

Debtor.

Case No. 23-62260-dwh11

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)**

Debtor's Plan of Reorganization (March 29, 2024) [ECF No. 113] (the "Plan"), which Debtor properly transmitted to creditors and equity holders, came on for hearing on May 15, 2024. An objection was filed by John Mason and Joseph Mason [ECF No. 126] and the United States Trustee ("UST Objection") [ECF No. 132]; the Court entered its ruling on the objections at the May 15, 2024 hearing. All impaired classes accepted the Plan. The Court having heard and considered the evidence introduced at the hearing, the arguments of counsel, and the records in this case; having determined after hearing on notice that all requirements for confirmation set forth in 11 U.S.C. §§ 1191(b) and 1129(a) have been satisfied with regard to the Plan; now therefore,

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     Notice of the confirmation hearing was provided to creditors and other parties in interest pursuant to Bankruptcy Rules 2002 and 3020, and the Order Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing (the "Order Fixing Time") [ECF No. 114]; such notice was reasonable, adequate, and sufficient.

C.     Ballots were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Order Fixing Time. Votes for acceptance of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3018.

D.     The Plan, subject to the terms set out immediately below, complies with the applicable provisions of the Bankruptcy Code and satisfies Sections 1129(a)(1) and 1191(b) of the Bankruptcy Code. The Plan complies with the classification and other requirements of Bankruptcy Code Sections 1122 and 1123.

E.     Debtor has complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, and has satisfied Section 1129(a)(2) of the Bankruptcy Code.

F.     The Plan was proposed in good faith and not by any means forbidden by law, and Section 1129(a)(3) of the Bankruptcy Code has been satisfied.

G.     Section 1129(a)(4) of the Bankruptcy Code has been satisfied because all of Debtor's payments for services or costs and expenses have been approved or will be made with Court approval.

H.     Debtor has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director or officer of Reorganized Debtor, and the

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy. Debtor has disclosed the identity of any insider that will be employed or retained by Reorganized Debtor and the nature of any compensation for such insider. Therefore, Bankruptcy Code Section 1129(a)(5) has been satisfied.

I. No governmental regulatory commission has jurisdiction over the rates of Debtor, and Bankruptcy Code Section 1129(a)(6) is not applicable.

J. Bankruptcy Code Section 1129(a)(7) has been satisfied because each holder of a Claim or Interest in an impaired class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value as of the Effective Date of the Plan that is not less than the amount such holder would receiver or retain if Debtor were liquidated under Chapter 7.

K. Bankruptcy Code Section 1129(a)(8) has not been satisfied because Class 8 is deemed not to have accepted the Plan pursuant to Section 1126(g). All other Classes have voted to accept the Plan. Nonetheless, the Plan is confirmed because it meets the requirements of Bankruptcy Code Sections 1191(b), because it does not discriminate unfairly and is fair and equitable.

L. Bankruptcy Code Section 1129(a)(9)(A) is satisfied because the Plan provides that Administrative Expense Claims will be paid in full in cash on the later of the Effective Date or the date on which such Claims are approved by the Court, unless different treatment is agreed to. Section 1129(a)(9)(B) does not apply except with respect to Section 507(a)(7). Section 1129(a)(9)(B) is satisfied with respect to Section 507(a)(7) because Class 1, which includes Allowed Priority Claims under Section 507(a)(7), will be paid in full in cash on the latter of the Effective Date or the date on which such Claim becomes Allowed, unless such holder has agreed to a different treatment. Sections 1129(a)(9)(C) and (D) are satisfied because the Plan provides for payment in full of Class 4 Allowed Claims over a period not later than five years after the

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Petition Date and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan.

M.     At least one class of impaired claims has accepted the Plan and Bankruptcy Code Section 1129(a)(10) is satisfied.

N.     Bankruptcy Code Section 1129(a)(11) is satisfied because confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of Debtor.

O.     All fees payable under 28 U.S.C. § 1930 have been paid or, pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B), in a case under Subchapter V, Debtor does not pay such fees.  The Plan, therefore, satisfies Bankruptcy Code Section 1129(a)(12).

P.     Bankruptcy Code Section 1129(a)(13) is satisfied because Debtor will continue to pay all retiree benefits, at levels that comply with 11 U.S.C. § 1114, maintained or established by Debtor prior to the Effective Date.

Q.     Bankruptcy Code Sections 1129(a)(14) – (16) do not apply to the Plan.

**IT IS HEREBY ORDERED** that:

1.     Debtor's Plan, a copy of which is attached hereto as **Exhibit 1**, is confirmed in all respects pursuant to Sections 1129(a) and 1191(b).  All objections have either been overruled or are addressed in this Order.  Capitalized terms used but not defined in this Order shall have the meaning assigned to them in the Plan.

2.     The Plan is hereby amended as follows:

a.     A new Section 1.53 is added to the Plan, which states:

"Disbursing Agent" means the entity or individual responsible for making payments pursuant to the Plan.

b.     A new Section 8.14 is added to the Plan, which states:

Payment of Claims.  Reorganized Debtor will be the Disbursing Agent charged with paying and will pay Allowed Claims pursuant to the Plan.  On the 21st day following the end of each calendar quarter, the Disbursing Agent will provide quarterly reports to the Subchapter V Trustee reflecting payments made by the Disbursing Agent for Allowed Claims.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

c.      Page 11, line 24 of the Plan is corrected to replace $6,500,000 with $6,350,000.

d.      Page 12, line 1 of the Plan is corrected to replace $650,000 with $628,000.

e.      A new Section 1.54 is added to the Plan, which states:

"2021 Secured Loan Documents" means (i) that certain Promissory Note dated August 9, 2021, payable by Debtor to Richard and Diane Van Grunsven in the initial principal amount of $6,350,000; (ii) that certain Trust Deed, Assignment of Leases and Rents, Security Agreement, and Fixture Filing, dated August 10, 2021, by and among Debtor, as Grantor, Ticor Title Company of Oregon, as Trustee, and Dick and Diane Van Grunsven, as beneficiary; and (iii) that certain Agreement to Provide Insurance dated August 10, 2021, by Debtor, as Borrower, and Richard and Diane Van Grunsven, as Lender.

f.      Section 6.2 of the Plan is amended and restated in its entirety as follows:

**Class 2 (Van Grunsven Trust)**. Class 2 is impaired.

(a)  Reorganized Debtor will pay the holder of the Class 2 Claim, in Cash, on the Effective Date, the amount equal to all accrued but unpaid interest then owing under the 2021 Secured Loan Documents through the Effective Date.  The principal amount of any unpaid regular payments under the 2021 Loan as of the Effective Date shall be due and payable at the maturity of the 2021 Secured Loan. Following the Effective Date, Reorganized Debtor shall make payments on the Class 2 Claim in accordance with the 2021 Secured Loan Documents.

(b)  The holder of the Class 2 Claim will retain its liens on and security interests in its Collateral for the 2021 Secured Loan, in each case to the same extent and with the same priority enjoyed on the Petition Date.

(c)  Anything contained in this Plan to the contrary notwithstanding, except as provided in clause (a) of this Section 6.2, from and after the Effective Date, (i) the 2021 Secured Loan Documents will remain in full force and effect without modification, (ii) the rights and obligations of the holder of the Class 2 Claim and Reorganized Debtor with regard to the Class 2 Claim will continue to be governed by the terms of the 2021 Secured Loan Documents and applicable nonbankruptcy law, and (iii) all legal, equitable, and contractual rights to which the Class 2 Claim entitles the holder thereof will remain unaltered by the Plan."

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

3.     The second paragraph of Section 9.1 is amended to add the following sentence:  The executory contract with Worldpay, LLC is hereby assumed consistent with *Debtor's and Worldpay LLC's Joint Motion for Order Approving Debtor's Assumption of Executory Contract (Merchant Processing Agreement), as Set Forth Herein.*

4.     Exhibit C to the Plan (customer orders assumed) is modified to add the following:Ronald Story (Sales Order No. 161441); Tyson Taylor (Sales Order No. 217024); Anton Kerscher (Sales Order No. 255985); Scott Pottle (Sales Order No. 177264); Stuart Smith (Sales Order No. 203260). ): and Randall Flagg (Sales Order No. 250057).

5.     Exhibit D to the Plan (customer orders rejected) is modified to add Seth and Cassandra Peterson (Sales Order No. 253001) and remove the contracts listed above.

6.     This Court shall retain jurisdiction to resolve any controversy or claim as set forth in the Plan.

7.     All claims and causes of action of Debtor or Debtor's estate, including all claims and causes of action arising from or under Chapter 5 of the Bankruptcy Code, are expressly preserved.  This Order shall not be a bar, nor have any adverse effect due to issues of standing, res judicata, or otherwise, to the Reorganized Debtor's pursuit of such claims and causes of action.

8.     Debtor, Reorganized Debtor, and their agents and officers, are hereby authorized and directed to take all actions, and enter into and execute all documents, reasonably necessary or appropriate to effectuate the Plan and to consummate the transactions contemplated by the Plan or this Order.

9.     Pursuant to Section 1192, confirmation of this Plan does not discharge any debt provided for in this Plan until the bankruptcy Court grants a discharge on completion of all payments due pursuant to the Plan.

10.     If there is any conflict between the Plan and this Order, the terms of this Order shall control.

**Page 6 of 7**–     ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

11.     To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

12.     This Order shall be deemed to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

13.     Promptly upon entry of this Order, Debtor shall serve a postcard notice on each party set forth in Exhibit D to the Plan, as modified in paragraph 4 herein, notifying such party that its deadline to file a Rejection Claim, to the extent it has not already done so, is the sooner of 30 days after an order rejecting the executory contract or unexpired lease (if any) or 30 days after entry of this Order.

# # #


I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP


By /s/
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   (503) 221-1440
    Facsimile:    (503) 274-8779
    Email:    tim.conway@tonkon.com
    Attorneys for Debtor

043989\00001\17078414v1

**Page 7 of 7**–     ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11     Doc 137     Filed 05/10/24