UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re _____

Debtor

Case No. _____
Amended

**NOTICE OF ORDER CONFIRMING CHAPTER 11 PLAN AND COMPENSATION APPLICATIONS**

1. The court entered an order on _____ as ECF No. _____ confirming a chapter 11 plan of reorganization. The order is enclosed.

   If the plan was proposed by debtor, the debtor's address and taxpayer ID# (last 4 digits) are: _____

2. Unless a written objection, setting forth specific grounds for objections, is filed with the clerk at 1050 SW 6th Ave. #700, Portland, OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401, within 21 days of this notice's service date in paragraph 3, the court will consider the following applications for compensation or administrative expenses, if any, without further notice:

| Applicant | Total Amount of Final Request | Total Amount Paid to Date Including Retainers | Balance Due | Estimate of Case Related Post-Confirmation Compensation (*Indicate if Included in Total Amount of Final Request*) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**1190 (12/1/2022)**  Page 1 of 2

3. On _____ this notice was served by mail on the debtor, all creditors, any trustee, equity security holders, other parties in interest, and, if known, any identified entity subject to an injunction provided for in the plan against conduct not otherwise enjoined under the Bankruptcy Code. A list of the names, addresses, and methods for service of all parties served on paper is attached.

_____
Signature                                                                                      Date

_____
Name

_____
Relationship to Case

_____
Service Address

_____

DISTRICT OF OREGON
F I L E D
May 16, 2024
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

Van's Aircraft, Inc.,

Debtor.

Case No. 23-62260-dwh11

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)**

Debtor's Plan of Reorganization (March 29, 2024) [ECF No. 113] (the "Plan"), which Debtor properly transmitted to creditors and equity holders, came on for hearing on May 15, 2024. An objection was filed by John Mason and Joseph Mason [ECF No. 126] and the United States Trustee [ECF No. 132]; the Court entered its ruling on the objections at the May 15, 2024 hearing. All impaired classes accepted the Plan except for Class 8, which is deemed not to have accepted the Plan. The Court having heard and considered the evidence introduced at the hearing, the arguments of counsel, and the records in this case; having determined after hearing on notice that all requirements for confirmation set forth in 11 U.S.C. §§ 1191(b) and 1129(a) have been satisfied with regard to the Plan; now therefore,

Page 1 of 8– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Notice of the confirmation hearing was provided to creditors and other parties in interest pursuant to Bankruptcy Rules 2002 and 3020, and the Order Fixing Time for Filing Acceptances or Rejections of Plan; and Notice of Confirmation Hearing (the "Order Fixing Time") [ECF No. 114]; such notice was reasonable, adequate, and sufficient.

C. Ballots were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Order Fixing Time. Votes for acceptance of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3018.

D. The Plan, subject to the terms set out immediately below, complies with the applicable provisions of the Bankruptcy Code and satisfies Sections 1129(a)(1) and 1191(b) of the Bankruptcy Code. The Plan complies with the classification and other requirements of Bankruptcy Code Sections 1122 and 1123.

E. Debtor has complied with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, and has satisfied Section 1129(a)(2) of the Bankruptcy Code.

F. The Plan was proposed in good faith and not by any means forbidden by law, and Section 1129(a)(3) of the Bankruptcy Code has been satisfied.

G. Section 1129(a)(4) of the Bankruptcy Code has been satisfied because all of Debtor's payments for services or costs and expenses have been approved or will be made with Court approval.

H. Debtor has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director or officer of Reorganized Debtor, and the

Page 2 of 8– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 149    Filed 06/20/24

appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy. Debtor has disclosed the identity of any insider that will be employed or retained by Reorganized Debtor and the nature of any compensation for such insider. Therefore, Bankruptcy Code Section 1129(a)(5) has been satisfied.

      I.      No governmental regulatory commission has jurisdiction over the rates of Debtor, and Bankruptcy Code Section 1129(a)(6) is not applicable.

      J.      Bankruptcy Code Section 1129(a)(7) has been satisfied because each holder of a Claim or Interest in an impaired class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value as of the Effective Date of the Plan that is not less than the amount such holder would receiver or retain if Debtor were liquidated under Chapter 7.

      K.      Bankruptcy Code Section 1129(a)(8) has not been satisfied because Class 8 is deemed not to have accepted the Plan pursuant to Section 1126(g). All other Classes have voted to accept the Plan. Nonetheless, the Plan is confirmed because it meets the requirements of Bankruptcy Code Sections 1191(b), because it does not discriminate unfairly and is fair and equitable.

      L.      Bankruptcy Code Section 1129(a)(9)(A) is satisfied because the Plan provides that Administrative Expense Claims will be paid in full in cash on the later of the Effective Date or the date on which such Claims are approved by the Court, unless different treatment is agreed to. Section 1129(a)(9)(B) does not apply except with respect to Section 507(a)(7). Section 1129(a)(9)(B) is satisfied with respect to Section 507(a)(7) because Class 1, which includes Allowed Priority Claims under Section 507(a)(7), will be paid in full in cash on the latter of the Effective Date or the date on which such Claim becomes Allowed, unless such holder has agreed to a different treatment. Sections 1129(a)(9)(C) and (D) are satisfied because the Plan provides for payment in full of Class 4 Allowed Claims over a period not later than five years after the

Page 3 of 8–   ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 23-62260-dwh11   Doc 149   Filed 06/20/24

Petition Date and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan.

M.  At least one class of impaired claims has accepted the Plan and Bankruptcy Code Section 1129(a)(10) is satisfied.

N.  Bankruptcy Code Section 1129(a)(11) is satisfied because confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of Debtor.

O.  All fees payable under 28 U.S.C. § 1930 have been paid or, pursuant to 28 U.S.C. § 1930(a)(6)(A) and (B), in a case under Subchapter V, Debtor does not pay such fees. The Plan, therefore, satisfies Bankruptcy Code Section 1129(a)(12).

P.  Bankruptcy Code Section 1129(a)(13) is satisfied because Debtor will continue to pay all retiree benefits, at levels that comply with 11 U.S.C. § 1114, maintained or established by Debtor prior to the Effective Date.

Q.  Bankruptcy Code Sections 1129(a)(14) – (16) do not apply to the Plan.

**IT IS HEREBY ORDERED** that:

1.  Debtor's Plan, a copy of which is attached hereto as **Exhibit 1**, is confirmed in all respects pursuant to Sections 1129(a) and 1191(b). All objections have either been overruled or are addressed in this Order. Capitalized terms used but not defined in this Order shall have the meaning assigned to them in the Plan.

2.  The Plan is hereby amended as follows:

    a.  A new Section 1.53 is added to the Plan, which states:

    "Disbursing Agent" means the entity or individual responsible for making payments pursuant to the Plan.

    b.  A new Section 8.14 is added to the Plan, which states:

    Payment of Claims. Reorganized Debtor will be the Disbursing Agent charged with paying and will pay Allowed Claims pursuant to the Plan. On the 21st day following the end of each calendar quarter, the Disbursing Agent will provide quarterly reports to the Subchapter V Trustee reflecting payments made by the Disbursing Agent for Allowed Claims.

Page 4 of 8– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 149    Filed 06/20/24

c. Page 11, line 24 of the Plan is corrected to replace $6,500,000 with $6,350,000.

d. Page 12, line 1 of the Plan is corrected to replace $650,000 with $628,000.

e. A new Section 1.54 is added to the Plan, which states:

"2021 Secured Loan Documents" means (i) that certain Promissory Note dated August 9, 2021, payable by Debtor to Richard and Diane Van Grunsven in the initial principal amount of $6,350,000; (ii) that certain Trust Deed, Assignment of Leases and Rents, Security Agreement, and Fixture Filing, dated August 10, 2021, by and among Debtor, as Grantor, Ticor Title Company of Oregon, as Trustee, and Dick and Diane Van Grunsven, as beneficiary; and (iii) that certain Agreement to Provide Insurance dated August 10, 2021, by Debtor, as Borrower, and Richard and Diane Van Grunsven, as Lender.

f. Section 6.2 of the Plan is amended and restated in its entirety as follows:

**Class 2 (Van Grunsven Trust)**. Class 2 is impaired.

(a) Reorganized Debtor will pay the holder of the Class 2 Claim, in Cash, on the Effective Date, the amount equal to all accrued but unpaid interest then owing under the 2021 Secured Loan Documents through the Effective Date. The principal amount of any unpaid regular payments under the 2021 Loan as of the Effective Date shall be due and payable at the maturity of the 2021 Secured Loan. Following the Effective Date, Reorganized Debtor shall make payments on the Class 2 Claim in accordance with the 2021 Secured Loan Documents.

(b) The holder of the Class 2 Claim will retain its liens on and security interests in its Collateral for the 2021 Secured Loan, in each case to the same extent and with the same priority enjoyed on the Petition Date.

(c) Anything contained in this Plan to the contrary notwithstanding, except as provided in clause (a) of this Section 6.2, from and after the Effective Date, (i) the 2021 Secured Loan Documents will remain in full force and effect without modification, (ii) the rights and obligations of the holder of the Class 2 Claim and Reorganized Debtor with regard to the Class 2 Claim will continue to be governed by the terms of the 2021 Secured Loan Documents and applicable nonbankruptcy law, and (iii) all legal, equitable, and contractual rights to which the Class 2 Claim entitles the holder thereof will remain unaltered by the Plan."

**Page 5 of 8**– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 149    Filed 06/20/24

3. The second paragraph of Section 9.1 is amended to add the following sentences: The executory contract with Worldpay, LLC is hereby assumed consistent with *Debtor's and Worldpay LLC's Joint Motion for Order Approving Debtor's Assumption of Executory Contract (Merchant Processing Agreement), as Set Forth Herein.* The Quickbuild Assembly Agreement dated November 2, 2021, and the LSA Aircraft Production and License Agreement effective October 1, 2022, with Flyer Industria Aeronautica Eireli, and any other executory contract with that entity, are hereby rejected, except for the sales order numbers listed as assumed on Exhibit C.

4. Exhibit C to the Plan (customer orders assumed) is modified to add the following: Ronald Story (Sales Order No. 161441); Tyson Taylor (Sales Order No. 217024); Anton Kerscher (Sales Order No. 255985); Scott Pottle (Sales Order No. 177264); Stuart Smith (Sales Order No. 203260); Randall Flagg (Sales Order No. 250057); and Glenn Evans (Sales Order No. 202480).

5. Exhibit D to the Plan (customer orders rejected) is modified to add Seth and Cassandra Peterson (Sales Order No. 253001) and remove the contracts listed above. The entry on page 7 of 9 on Exhibit D, pertaining to Konstantin Solin, is amended to indicate Kirill Keyner / Konstantin Solin (Sales Order Nos. 200722, 200725, and 200726).

6. This Court shall retain jurisdiction to resolve any controversy or claim as set forth in the Plan.

7. All claims and causes of action of Debtor or Debtor's estate, including all claims and causes of action arising from or under Chapter 5 of the Bankruptcy Code, are expressly preserved. This Order shall not be a bar, nor have any adverse effect due to issues of standing, res judicata, or otherwise, to the Reorganized Debtor's pursuit of such claims and causes of action.

8. Debtor, Reorganized Debtor, and their agents and officers, are hereby authorized and directed to take all actions, and enter into and execute all documents, reasonably

Page 6 of 8– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 149    Filed 06/20/24

necessary or appropriate to effectuate the Plan and to consummate the transactions contemplated by the Plan or this Order.

9. Pursuant to Section 1192, confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments due pursuant to the Plan.

10. If there is any conflict between the Plan and this Order, the terms of this Order shall control.

11. To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

12. This Order shall be deemed to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

13. Promptly upon entry of this Order, Debtor shall serve a postcard notice on each party set forth in Exhibit D to the Plan, as modified by paragraphs 3 and 5 herein, notifying such party that its deadline to file a Rejection Claim, to the extent it has not already done so, is the sooner of 30 days after an order rejecting the executory contract or unexpired lease (if any) or 30 days after entry of this Order.

# # #

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

I certify that I have complied with the requirements of LBR 9021-1(a).

Presented by:

TONKON TORP LLP

By */s/ Timothy J. Conway*
    Timothy J. Conway, OSB No. 851752
    Michael W. Fletcher, OSB No. 010448
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:   (503) 221-1440
    Facsimile:   (503) 274-8779
    Email:   tim.conway@tonkon.com
Attorneys for Debtor

043989\00001\17078414v3

Page 8 of 8– ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

Case 23-62260-dwh11    Doc 149    Filed 06/20/24

# EXHIBIT 1

**DEBTOR'S PLAN OF REORGANIZATION (MARCH 29, 2024)**