MICHAEL T. BEUSELINCK
490 43rd Street #37
Oakland, CA 94609
Telephone: (925) 800-3032
mike@lawmtb.com

Unsecured Creditor [Claim #513]

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re

VAN'S AIRCRAFT, INC.,

        Debtor.

Case No. 23-62260-dwh11

**OPPOSITION TO VAN'S AIRCRAFT INC.'S MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS**

Date: August 2, 2024
Time: 1:30 p.m.

    Unsecured Creditor MICHAEL T. BEUSELINCK [Claim #513] (hereinafter the "Beuselinck Claimant") hereby submits this Opposition and objection to debtor Van's Aircraft, Inc.'s ("Van's") Motion for Entry of Order Extending Deadline to Object to Claims (the "Motion") (ECF No. 156). The Motion should be denied by this Court on the following grounds:

**The Motion is Procedurally Improper**

    1.    The Motion is an attempt by Van's to circumvent the requirements for post-confirmation Chapter 13 plan modification, or obtain a waiver on shortened time by modifying the court-ordered deadlines that Van's itself sought and had ordered by this Court in the Order Confirming Debtor's Plan of Reorganization (the "Plan") (ECF No. 143). There is no authority provided under the Bankruptcy Code or Rules by which a Chapter 13 debtor may obtain plan modification to extend deadlines for objections to creditor claims, either with or without a hearing on shortened time for notice. Even 11 U.S.C.A. § 1329 does not provide for modification of Plan deadlines post-confirmation. The Motion cites no authority whatsoever to justify court-ordered extension of objection deadlines absent a stipulation from the affected creditors. Van's most recently sought and obtained a court-ordered extension of the objection deadline *by stipulation* in ECF Nos. 154 and 155. The Plan otherwise does

-1-
OPPOSITION TO VAN'S AIRCRAFT INC.'S MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS

not provide for any authority to modify the Plan or its deadlines on a motion in conflict with statute and the Bankruptcy Rules. Based on the lack of authority and jurisdictional reasons alone, the Motion must be denied.

2. At no time has Van's ever conferred with the Beuselinck Claimant regarding seeking an order for this Court to modify the Plan, extend the time to object to Claim #513, or request for a stipulation for extension. The Beuselinck Claimant only discovered the filing of the Motion and Notice of the telephone non-evidentiary hearing by monitoring this Court's ECF docket for new filings.

### No Good Cause Exists to Extend the Plan Deadlines for Objections

3. Van's purported justifications for non-compliance with the Plan deadlines are unavailing and do not establish a valid justification for extending court-ordered deadlines set over 2-1/2 months ago. 526 of the 596 filed claims in this matter were filed on or before the claim filing deadline of February 12, 2024. Van's, its key personnel, and its counsel have had over five months to review and identify objectionable claims as well as seek to confer with claimants pursuant to Local Bankruptcy Rules. The fact that any of Van's personnel are attending a tradeshow for the last two weeks ignores the substantial amount of time Van's and its key personnel undoubtedly used to review the timely filed claims before plan confirmation, and to initiate a process of conferring over potentially objectionable claims.

4. Van's did not attempt to confer on Claim #513 until the eve of the court-ordered objection deadline. Van's key personnel stated publicly *many months ago* that they intended to object to claims relating to laser cut parts. Specifically, on April 12, 2024, the court-ordered chief restructuring officer for Van's, Clyde Hamstreet, stated in a YouTube video posted by Van's as follows:

> "***If there is a dispute as to that claim, then the court will intervene on that dispute.*** For instance, there are some people who said '**because of laser cut parts, they have a claim for many many thousands of dollars**, sometimes $100,000 or more, because of the trouble that they went through the claim beyond the amount of the deposit.' We will honor the amount of the deposit that was part of our plan, ***but we won't honor any more than that***."

(https://www.youtube.com/watch?v=XJTlumzM5og) (Emphasis added.) Mr. Hamstreet was referencing honoring "deposit" amounts for undelivered future kit orders, not *prior* orders for defective

-2-
OPPOSITION TO VAN'S AIRCRAFT INC.'S MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS

Case 23-62260-dwh11    Doc 210    Filed 07/31/24

parts that were already sold and delivered to affected customers. The Plan does not make any reference to limitations on claims resulting from damages resulting from Van's sale of defective products to consumers, or misrepresentations made to customers related to such sales.

5. On the afternoon of July 30, 2024 and less than an hour before the Motion was filed with this Court, the Beuselinck Claimant received an email stating that Claim #513 "needs to be withdrawn" under threat of an objection because the claim related to Van's sale of defective parts which exposed it to product liability claims. This email was the first time Van's counsel made any attempt to confer on the Claim #513. The Beuselinck Claimant is informed and believes that numerous other claimants were sent the same email verbatim on July 30, 2024, regardless of whether their claims had any relationship to laser cut parts. Apparently none of the emails to claimants notified them that Van's would be seeking an extension of time to file objections to claims.

6. Moreover, the purported recent 2-week unavailability of "key personnel" at an industry tradeshow sales event does not explain why counsel's attempts to confer were delayed until the eve of the objection deadline. Again, Van's chief restructuring officer himself already indicated months ago that Van's was planning to object to claims such as Claim #513. There is no justifiable reason for waiting until July 30, 2024 to initiate a process of conferring over the claim, demanding with no substantial basis to withdraw the claim or face objection, and then failing to file an objection by the court-ordered Plan deadline.

**The Motion Seeks to Obtain an Undue Advantage Over Creditors With Valid Claims Regarding Defective Laser Cut Parts; Van's Failed to Make a Good-Faith Effort to Resolve any Dispute On Claim #513**

7. Van's post-confirmation conduct with regard to laser cut parts claims has not previously been reported in the records of this Court. The Beuselinck Claimant is informed and believes that the Motion and extension of time to file objections is being sought for the purpose of manufacturing a meritless basis for objecting to valid money claims relating to defective laser cut parts. The Motion was made without good cause or seeking a stipulation for extending the deadline, despite the Beuselinck Claimant's prior attempts to confer and seek clarification on whether Van's would timely object to Claim #513. Specifically, on or about May 15, 2024, the Beuselinck Claimant responded to an email

from a Van's employee who asked for the Beuselinck Claimant to submit an order to replace defective laser cut parts sold to the Beuselinck Claimant. The Beuselinck Claimant stated that (1) he was waiting to place an order until after Van's counsel to made clear whether Van's would be objecting to Claim #513; (2) statements by Mr. Hamstreet in the video cited above indicated that an objection should be anticipated; and (3) he intended to place any order for laser cut parts replacements in only if this Court sustained a timely objection to Claim #513 for money in lieu of Van's offer to replace defective parts. The Beuselinck Claimant stated that if Van's counsel confirmed that Van's would *not* object to Claim #513, no replacement parts order would be needed. The Beuselinck Claimant indicated to the Van's employee that the inquiry could be forwarded to a supervisor or Van's bankruptcy counsel. The Beuselinck Claimant received no response whatsoever from either the Van's employee or Van's counsel.

8. Van's then proceeded to press the issue of forcing affected customers to accept defective parts replacement to undermine valid money claims for damages related to such defective parts. On or about June 15, 2025, Van's notified the Beuselinck Claimant and other affected customers via email and a YouTube video posting (https://www.youtube.com/watch?v=SFbZL51F2PA) that Van's was unilaterally setting a short deadline of June 30, 2024 for the Beuselinck Claimant to place a defective laser cut parts replacement order, or he would be required to pay money for replacement parts in the future. This arbitrary deadline was inconsistent with Van's representatives' prior public statements that the laser cut parts replacement program was due to be completed in October or November 2024. The Beuselinck Claimant responded via email to confer and request (1) an extension of time to place an order until August 31, 2024; (2) deferral of shipping on any order made so that resolution of any objection to claims could be finally determined; or (3) providing the Beuselinck Claimant with a cash voucher for the full cost of replacement parts in lieu of forcing an order to be made. Although the Beuselinck Claimant requested a response before Van's unilaterally shortened deadline, no response was received whatsoever.

9. In sum, Van's and its counsel made no effort whatsoever to confer or make a good-faith effort to resolve any potential dispute over Claim #513. On the contrary, Van's imposed arbitrary and unreasonable deadlines and ultimatums despite multiple attempts by the Beuselinck Claimant to initiate

discussions in good faith for resolution well in advance of the Plan's deadline to object to Claim #513. Despite repeated pre-confirmation promises Van's made to its affected customers in these proceedings that it was unconditionally offering replacement parts to affected customers, Van's effectively reneged on those promises by forcing affected customers into an ultimatum to choose between (1) pursuing their valid money claims to seek recovery for all damages resulting from Van's conduct and defective parts sales, or (2) undermining recovery on their own claims by placing replacement parts orders on Van's arbitrary shortened deadline set one month before claim objections were due. The Beuselinck Claimant suspects that Van's will attempt to argue that receipt of replacement parts constitutes substantial relief for valid money claims, and incorrectly that valid claims are now objectionable even though the Plan includes no provisions for defective parts replacements to affected customers. After Van's unilaterally shortened deadlines for aggrieved customers and claimants to unreasonably force unsecured creditors to undermine their own claims, Van's is now is seeking to inequitably extend its own time to act against such aggrieved customers and claimants in violation of prior court order and the Plan terms without any apparent notice or opportunity for such claimants to be heard. Creditors with other priority claims, including the Beuselinck Claimant, have been waiting patiently for many months to receive payment on their claims. No further extension of time should be provided simply because Van's seeks to gain an undue advantage over unsecured creditors by the Motion.

10. WHEREFORE, the Beuselinck Claimant respectfully requests that this Court deny the Motion in its entirety. In the alternative, the Beuselinck Claimant respectfully requests that this Court deny the Motion as to any objection to Claim #513 only as Van's failed to respond to the Beuselinck Claimant's inquiries, and did not diligently respond to requests to confer as required by the Local Bankruptcy Rules.

Dated: July 31, 2024

/s/ Michael T. Beuselinck
MICHAEL T. BEUSELINCK