6 Cascade Road
Hook Norton
Banbury
Oxfordshire
OX15 5FH
United Kingdom

25 Aug. 24

RE: Chapter 11 Bankruptcy Claim – Van's Aircraft, Inc. 23-62260-dwh11

Further to my claim submitted 12 Feb 24, and in response to the poor behaviours shown by the lawyers acting on behalf of Van Aircraft, this letter details my response to the objection filed by Vans Aircraft to my claim.

The testing carried out by Vans Aircraft and their subcontractors followed by their own analysis is the equivalent of "marking your own homework" and is not acceptable to me or indeed any national aviation authorities.

My claim remains in place for the following reasons:

1. This manufacturing method is in direct conflict with the debtor's marketing and sales materials. The kit is therefore:
    a. Not as described ("pre-punched")
    b. Not fit for use in a new aircraft in accordance with standard aviation practice
2. The debtor has not responded to any communications regarding this mismatch between advertised and delivered product.
3. Debtor has publicly indicated refusal to replace many laser-cut parts.
4. Where the debtor as acknowledged their failings by introducing a parts replacement scheme, the scheme is only partial and does not cover all affected parts. This leads to an additional cost to me to fully exclude any defective parts in an effort to maintain future value and trust.
5. The kit is therefore not as contracted, and I have no reason to believe debtor intends to fulfil the contract.

Due to the reputational damage of Vans Aircraft, I am left with a product that is stigmatized and in the event of any future sale, the market value is significantly reduced.

I am therefore left without option but to maintain my claim for the value of the kit.

I also wish to register my dissatisfaction with the method in which the attorney has conducted themselves in relation to contact with me. I first received an email from the attorney on the 30th July with a very threatening tone instructing me to withdraw my claim because of the Vans Aircraft testing process identifying that my parts were suitable for further use. The attorney then filed an extension the following day.

I then received an email at 04:51am BST on the 14th of August instructing me to extend the claim timeline due to the attorney not being able to handle the workload. The deadline for me to extend the claim was 12:00pm PT 13th August. Given that Pacific time is 8 hours behind British summer time, this deadline was impossible to adhere to.

I'm not sure what standards are acceptable to the US court system but in the UK we do not expect time travel as an acceptable means of compliance.

This has been a stressful experience from the initial discovery of defective parts within the Vans Aircraft wider community to the significant delay in Vans accepting fault and now to being threatened and harassed by the attorney.

Sean Jamieson