CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

SEP -9 2024

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

**Response to Objection of Claim #484 Against Van's Aircraft**

Case No. 23-62260
Ryan Rowten, Creditor
7 September 2024

United States Bankruptcy Court, District of Oregon
Clerk of Court
1050 SW 6th Ave #700
Portland, OR 97204

I received notification on 21 August 2024 that Debtor's attorneys have filed an objection to my claim (Claim #484) against Van's Aircraft, Case No. 23-62260. This letter serves as my response to Debtor's objection.

The objection fails to identify any of the listed applicable reasons for objection in Paragraph 2, but rather selects reason "Other" and states: "Claim is related to laser cut parts. Debtor has completed testing which confirms that these laser cut parts are safe for use in aircraft construction. Debtor also has a program in place for those customers who nevertheless desire to replace those parts. Claim is otherwise inconsistent with Debtor's books and records."

The 4 sentences provided above as grounds for the objection are wholly inadequate to address my claim and make no attempt to speak to or refute the rationale provided therein. I hereby reassert the rationale provided in my original claim (Claim #484) and assert the following supplemental/additional information in response to the objection.

**1. Van's Aircraft Laser Cut Parts (LCP) Testing and Conclusions are Unproven**

Van's testing program and conclusions as referenced in the claim objection are not sufficient to overturn long-established industry standards with respect to cracks in structure. Indeed, the results of the testing program have not been sufficient to convince Van's Aircraft to continue to manufacture or sell laser cut parts for structural applications in any kit or Quickbuild assembly. All structural laser cut parts have been discontinued from production, removed from inventory, and are no longer sold by Van's Aircraft for obvious reasons: aircraft structural parts that crack upon initial preparation and installation are not acceptable for new aircraft production. These reasons are obvious to individuals both in and out of the aviation industry, as aircraft structural parts that crack upon initial preparation and installation present significant safety risks.

Van's testing program utilized simulated loading conditions to determine effects of cracking in structure over time. There has been no flight test data or service history of LCP compromised aircraft provided to substantiate the results of this testing. Industry standards including Van's Aircraft Builder's manuals established with respect to cracking in aircraft structure have been validated over decades of aircraft service history. No such service history or experience exists to

substantiate the conclusions drawn from Van's testing program, yet this is the only support that Van's offers for the objection to my claim.

***It would be irresponsible for me to invest another $100K+ into this build and fly my family and friends in an aircraft that would then be a testbed for the long-term durability and damage tolerance of an LCP-compromised RV-8.***

### 2. Van's LCP Replacement Program Does Not Remediate Quickbuild (QB) Kits

Van's Aircraft laser cut parts replacement program referenced in the Objection to my claim does not provide any method of remediation for laser cut parts already assembled in Quickbuild (QB) assemblies such as the RV-8 QB fuselage delivered to me, and that I paid a large premium to have assembled to industry standards. <u>In essence, Van's LCP Replacement Program does not address my specific situation nor does Debtor's objection to my claim.</u> As stated in my original claim, there are 121 unique part numbers that may be included in the QB fuselage kit purchased by and delivered to me, including 13 unique part numbers that Van's Aircraft engineering categorizes as "Replacement Recommended: Certain Principal Structural Elements that are difficult to inspect, integrated into Primary Flight Controls, or that have any reasonable chance of fatigue cracks developing in service." Whether I choose to replace only the "Replacement recommended" or all laser cut parts potentially installed in the assembly, any attempt to do so would require extensive disassembly and teardown of the as-delivered QB fuselage, resulting in a final product that is more defective than the original (reference my initial claim and supporting documents), and completely negating the value of the QB assembly that I paid a high premium for.

***I have no reasonable option to replace laser cut parts already assembled into the QB fuselage I received and paid for.***

### 3. Van's Aircraft Knowingly Shipped me a Compromised QB Kit in June 2023 Without Disclosing Known Quality Issues

Van's Aircraft, as part of these proceedings, has admitted "In late 2022, Debtor first became aware of cracks forming around dimpled laser cut holes, and Debtor reacted with caution by offering to replace the laser manufactured parts it had supplied with many kits. It ceased shipping kits with laser manufactured parts." (Reference Document 61 – DEBTOR'S SUBCHAPTER V STATUS REPORT PURSUANT TO 11 § 1108, page 2.) The second sentence of this statement is deceptive and misleading at best and materially false at worst, as evidenced by the fact that 6+ months later in June 2023, Debtor chose to collect payment and ship an RV-8 Quickbuild kit to me (at my expense) that was known to be compromised by laser cut parts.

Furthermore, Van's Aircraft chose NOT to inform me prior to shipping the kit about the reports of cracking in laser cut parts that were well-known within Van's Aircraft at the time of shipment (as evidenced by statement above) or provide me the opportunity to refuse or delay shipment until the issue was resolved. This is more egregious because of the number of laser cut parts built into the assembly delivered to me.

***Van's Aircraft knowingly sold me a defective kit in June 2023 without disclosing known quality issues, shipped the compromised kit to me at my expense, and then informed me 22 days after delivery about the Laser Cut Parts quality issues.***

### 4. Van's Aircraft Refused to Acknowledge Replacement/Return/Refund Requests

From the time that I was informed by Van's Aircraft of the LCP quality issues in July 2023 until September 2023, I chose NOT to initiate credit card chargebacks for the QB fuselage kit purchase, and detrimentally relied on Van's Aircraft to act appropriately and resolve the situation due to my longstanding customer relationship with them. After several months of poor communication, it was becoming clear that Van's did not intend to remediate the situation, and I made repeated written requests for replacement or refund beginning in September 2023 as referenced in my original claim. My requests and Van's responses (or lack thereof) to those requests are laid out in the communication attached to my original claim.

***Van's Aircraft refused to acknowledge or reply to repeated requests beginning in September 2023 for a replacement QB fuselage or refund.***

### 5. This situation has resulted in financial strain, has terminated progress on my longstanding aircraft build, and any future resale value of this kit or aircraft is severely impacted by the LCP issue.

I have been a long-time and loyal customer of Van's Aircraft since 2009 when I began my RV-8 project. I have invested countless hundreds of hours of labor and tens of thousands of dollars building the empennage and wings, and finally purchasing a QB fuselage that I now cannot confidently or safely use. Any attempt to resell the compromised kit I received will be severely impacted by the stigma of the LCP debacle, greatly reducing its resale value.

Based on the rationale provided in my original claim and supplemental/additional response to the objection provided herein, coupled with Debtor's lack of substantive response to my claim, I re-assert that my claim is valid and respectfully request that the Court allow my claim to stand as filed.

Ryan D. Rowten
Creditor, Claim #484
7 Sept 2024

Certificate of Service

I certify that on 9/7/2024 (service date) copies of the Response to the Objection of Claim Number 484, Case Number 23-62260-dwh11 were mailed to:

Tonkin Torp LLP
Att: Timothy J. Conway
888 SW Fifth Ave., Ste 1600
Portland, OR 97204

Ryan D. Rowten

Printed Name

Signature

**PRIORITY MAIL**
FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT
APPLY PRIORITY MAIL POSTAGE HERE

Retail
U.S. POSTAGE PAID
PM
EDMOND, OK 73013
SEP 07, 2024
$14.40
RDC 03    0 Lb 1.10 Oz
97204
S2324A501884-02

Ryan Routen
2020 Turtlecreek Rd.
Edmond, OK 73013

LODGED ___ PAID ___
REC'D ___ DOCKETED ___

SEP - 9 2024

CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

United States Bankruptcy Court
District of Oregon
Att: Clerk of Court
1050 SW 6th Ave #700
Portland, OR 97204

Case 23-62260-dwh11    Doc 343    Filed 09/09/24