# Response to Objection of Claim 526 against Van's Aircraft, Inc.

Case No. 23-62260
Ted Biro, BLR Aeroworks LLC, creditor
September 12, 2024

United States Bankruptcy Court, District of Oregon
Clerk of Court
1050 SW 6th Ave #700
Portland, OR 97204

A notice of Claim Objection filed on behalf of Van's Aircraft, Inc. (the Debtor), by Tim Conway, attorney for the Debtor, was received on August 22, 2024. The objection states "the Debtor has completed testing which confirms that these laser cut parts are safe for use in aircraft construction. Debtor also has a program in place for those customers who nevertheless desire to replace those parts. Claim is otherwise inconsistent with Debtor's books and records." Van's Aircraft has objected to our claim and has moved that the claim be disallowed in full.

Van's objection is without merit and fails to address any of the serious systemic structural deficiencies caused by the Debtor's use of laser cut parts (LCPs) in our RV-8 Quickbuild and Empennage Kits for which BLR Aeroworks paid in full. The basis for our claim remains substantiated and nothing in the Debtor's objection to the original claim addresses those issues. Van's Aircraft failed to comply with their end of the contract. Instead of providing the product which was advertised, Van's has chosen instead to leave customers holding a bag of compromised, structurally deficient parts and an aircraft riddled with parts that don't meet industry standards or even the standards of their own Construction Manual.

For the reasons submitted in our original claim, for reasons nearly identical to and clearly enumerated in the *Response to Objection of Claim #484 Against Van's Aircraft* submitted on September 7, 2024 by Ryan Rowten, and the reasons further detailed below, we reassert our claim against Van's Aircraft, Inc.

1. **Van's Aircraft, Inc. chose to ship Quickbuild Kits after being made aware that these kits had been structurally compromised by laser cut parts.**
   In early 2022, to keep up with increased demand, Van's aircraft began manufacturing parts which had been contracted through a third party vendor utilizing a fiber laser cutting process. Despite reports in 2022 of cracks developing in parts that had been fabricated using this laser cutting process, and the awareness that inclusion of these parts would represent a serious structural compromise to airworthiness, Van's wilfully chose to ship these compromised kits to their customers. We are not referring to a decision to ship a single, isolated part. We are talking about a systemic, structural deficiency which by any standard of practice could reasonably be considered a potential compromise to safety and airworthiness. In fact, this issue which they chose not to initially disclose was of such great significance that it ultimately resulted in Van's Aircraft, Inc. declaring bankruptcy. Making the decision to ship these defective aircraft kits to customers who in good faith believed they were paying for and receiving products devoid of defect is perhaps the most significant and egregious decision that Van's chose to make.

2. **Laser cut parts do not comply with industry standards, nor do they meet the quality standards set forth in Van's own Construction Manual.**
   The FAA's Certificate Management Section provides authorization and oversight of Van's kit fabrication and manufacture. FAA Advisory Circular 43.13, referenced in Van's RV-8/8A Construction Manual, provides the standard of care in preparation, repair and assembly of parts in non-pressurized aircraft. Chapter 5 of Van's Construction Manual further sets forward the standard or care for preparation of parts for assembly in their kits. Nowhere in these standards is the allowance made for any systemic cracking of aircraft parts. In fact, the standard of care requires removal or remediation of any parts in which cracking is in evidence. Despite testing and evaluation claims made by Van's that laser cut parts exhibiting cracking are structurally equivalent to CNC punch-pressed parts, any systemic cracking in aircraft parts does not meet Van's own standard of care, nor does it meet the industry standard of care. This fact should be self-evident to even the most obtuse observer. Van's is trying to have their cake and eat it too.

3. **Despite Van's assertion that laser cut parts exhibiting cracking are structurally equivalent to CNC punch-pressed parts without cracks, Van's has removed all laser cut parts from their inventory and is no longer selling kits with laser cut parts.**
   At great cost, and subsequent to being made aware of cracking in laser cut parts, Van's removed all laser cut parts from their inventory. Van's no longer fabricates Quickbuild kits using laser cut parts. Van's is not selling their inventory of Quickbuild kits previously assembled with laser cut parts and which have not been reengineered. These facts belie Van's assertion that cracked laser cut parts are functionally equivalent to CNC punch-pressed parts. Van's Aircraft maintains that kits previously sold to customers and which are riddled with laser cut parts pose little concern, but apparently these parts pose enough of a concern that Van's will no longer sell them. If these cracked laser cut parts are functionally equivalent, why has Van's removed them from their inventory and is choosing to no longer sell them? Van's again is trying to have their cake and eat it too.

4. **Van's objection to our claim does not address the onerous and substantial disassembly required to remove and replace laser cut parts from our Quickbuild kits.**
   A large premium was paid for our Quickbuild kits in order to have substantial assembly of the wings and fuselage completed by Van's Aircraft. Removal of laser cut parts embedded throughout the Quickbuild kits requires major disassembly of those kits. The process involved is complex, problematic and likely will result in substantial defects and further compromise to the structural integrity of the aircraft. Despite numerous emails we sent to Van's asking for this guidance, Van's has not provided any remediation plan detailing how to complete this removal and replacement. Numerous subassemblies exist in the Quickbuild kits which would require near total disassembly even to comply with the inspection guidelines provided by Van's to identify the presence of laser cut parts. In essence, the assembled Quickbuild kits which are now compromised by structurally deficient laser cut parts and were knowingly sold to us by Van's Aircraft have become Ultra-Slow Build kits. This is not what we paid for.

5. **Laser cut replacement parts provided by Van's Aircraft have not been anodized or primed.**
   The significant additional amount we paid for the receipt of assembled Quickbuild Kits was inclusive of all parts being fully primed. The parts provided by Van's to replace the structurally compromised laser cut parts in our Quickbuild Kits are not primed. Additionally, the individual parts comprising the empennage kit for which we have already completed full assembly had been previously prepped, anodized and primed prior to assembly. Replacement of structurally deficient laser cut parts in the empennage assembly requires near total disassembly, parts removed and reassembly. None of the replacement parts provided by Van's have been prepped, anodized or primed. The cost of anodizing and priming of replacement parts should be factored into the amount owed by Van's.

I maintain that the rationale stated in the Debtor's objection to our claim is without merit and does not address the failure of Van's Aircraft to provide adequate remediation, replacement or full compensation for the defective products which we received. Furthermore, based on the statements contained herein, and the previous basis stated in our original claim, I assert the validity of our claim and hereby respectfully request the court allow the claim to stand as filed.

Sincerely,

*Ted Biro*

Ted Biro, for BLR Aeroworks LLC
Creditor, Claim No. 526
September 12, 2024

**Certificate of Service**

I hereby certify that on September 12, 2024, copies of the Response to Objection of Claim 526 against Van's Aircraft, Inc., case number 23-62260-dwh11, were mailed to:

Tonkon Torp LLP
Attn: Timothy J. Conway
888 SW Fifth Ave., Ste. 1600
Portland, OR 97204


*Ted Biro*                                                                                              *Ted Biro*
_____
Printed Name                                                                                          Signature