CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

DEC 17 2024

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Van's Aircraft, Inc.

Case No. 23-62260-dwh11

**CLAIMANT IN PROOF OF CLAIM 267 RESPONSE IN OPPOSITION
TO CLAIM OBJECTION FILED NOVEMBER 21, 2024**

CLAIMANT PIERRE LEVY, *pro se*, claimant in Proof of Claim 267, hereby timely responds in opposition, in part, to the Claim Objection filed by Van's Aircraft (debtor) on November 21, 2024 [Doc. No. 680]. In his partial opposition to the objection, claimant states the following:

1. Debtor is correct that the supplemental claim, Claim 328, is withdrawn after communications and clarifications between Claimant and Debtor, and that the operative claim is solely Claim 267.

2. For the reasons stated in the original claim 267, Debtor's alleged "program in place to replace... laser cut parts" is ineffective and not designed to fairly address the safety issues Debtor itself has raised, repeatedly, with respect to laser cut parts, because: 1) Debtor proposes to replace only certain affected parts 2) replacing those parts would effectively destroy the assembly to which those parts are attached. As stated in Paragraphs 11 through 13 of Claim 267, with supporting documentation:

> Some of the parts in the empennage kit Van's recommends for replacement cannot be replaced, as a practical matter, without destroying the entire assembly. For example, the R-00902-1 spar cannot be replaced

without destroying the entire rudder assembly. See Pages 7-01 and 7-07 from Van's Aircraft plans, attached hereto as Exhibit "7." Similarly, the E-00902-1 elevator spar cannot be replaced without destroying the elevator assembly. See Pages 8-01, 8-04, 8-05, and 9-25 from the Van's Aircraft plans, attached hereto as Exhibit "8."

Other parts similarly cannot be replaced without destroying an entire assembly. For example, the F-01410 through F-01414 bulkheads and aft deck cannot be replaced without destroying the tail cone assembly. See Pages 10-01 and 10-10 of the Van's Aircraft plans, attached hereto as Exhibit "9."

While Van's Aircraft appears to have made significant efforts at analyzing the laser-cut parts, and while Van's Aircraft has recently published videos concluding that the laser-cut parts do not present a risk to the builder or operators of planes built with those parts, Van's Aircraft has not retracted or modified its recommendations with respect to the replacement of laser-cut parts. The most reasonable approach, with safety as the paramount concern, is that those laser-cut parts should be replaced.

3. Further, Debtor has changed its position several times on the parts, if any, for which it recommends replacement, so that debtor's assertions as to replacement parts are inherently contradictory and unreliable.

4. Debtor's objection asserts that "Claim is otherwise inconsistent with Debtor's books and records," but provides no documentation to the Court to support this assertion. Unsupported arguments are not evidence.

5. Contrary to Debtor's approach in its Objection, Claimant has provided supporting documentation for his claim.

## Conclusion

For the reasons stated herein, Claimant Pierre Levy respectfully requests that the Court deny Debtor's Objection, approve Claim 267 in its entirety, and provide Claimant with any other relief the Court deems just and proper.

Respectfully Submitted:

*/s/ Pierre Levy*

Pierre Levy,
1072 Mansion Ridge Road
Santa Fe, New Mexico 87501
(505) 490-1944
plevy@cybermesa.com
pierre@levylaw.net

I hereby certify that the foregoing was
mailed, first class postage prepaid
on December 13, 2024 to:

Clerk of the Court
1050 SW 6th Ave #700
Portland, Oregon 97204

and a courtesy copy
sent via e-mail to the following counsel of record
for debtor on the date of mailing:

Timothy J. Conway, Esq.
Tonkon Thorp LLP
888 SW Fifth Ave., Suite 1600
Portland, Oregon 97204
tim.conway@tonkon.com

*/s/ Pierre Levy*

Pierre Levy