DISTRICT OF OREGON
**F I L E D**
January 13, 2025
Clerk, U.S. Bankruptcy Court

Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re | Case No. 23-62260-dwh11 |
|---|---|
| Van's Aircraft, Inc., | **STIPULATED SCHEDULING ORDER REGARDING CLAIM NO. 526 (TED BIRO)** |
| Debtor. | |

Van's Aircraft, Inc. and Claimant Ted Biro hereby submit the following pre-hearing deadlines:

| EVENT | Date |
|---|---|
| FRCP 26(a)(1) will not apply | N/A |
| Deadline to file witness lists under FRCP 26(a)(3)(A)(i) | 14 days before hearing |
| Deadline to file exhibit lists and copies of exhibits under FRCP 26(a)(3)(A)(iii) | 14 days before hearing |
| Deadline to file any hearing briefs | 14 days before hearing |
| Deadline to file designation of testimony to be presented by deposition under FRCP 26(a)(3)(A)(ii) | 14 days before hearing |
| Deadline to file any response to any hearing briefs | 7 days before hearing |

Page 1 of 3 –   STIPULATED SCHEDULING ORDER REGARDING CLAIM NO. 526
                (TED BIRO)

| EVENT | Date |
|---|---|
| Deadline to file objections to witness testimony to be presented by deposition | 7 days before hearing |
| Deadline to object to authenticity of exhibits | 7 days before hearing |
| Hearing | May 30, 2025, 10:00 a.m. |

1.      "Trial" means the evidentiary hearing on the objection to claim 526.  "Plaintiff" means Van's Aircraft, Inc., and "Defendant" means Ted Biro.

2.      Trial Location:  The trial will be held in Courtroom 3, 1050 SW 6th Ave. #700, Portland, OR 97204.  Notwithstanding the foregoing, Defendant (and Carl Lojovich and Dave Raab) may participate in the Trial by video solely in his/their capacity as claimants.  No other witnesses and no expert witnesses may participate by video on behalf of Defendant (or on behalf of Carl Lojovich or Dave Raab).  For video connection information, see www.orb.uscourts.gov/video-hearings.

3.      Witnesses:  Any witness whose name is not included on a party's witness list for trial will not be allowed to testify, except for good cause shown or solely for impeachment or rebuttal.

4.      Exhibits:  The parties must electronically file their exhibits.  Plaintiff's exhibits must be numbered and listed starting with "1."  Defendant's exhibits must be lettered and listed starting with "A."  Unless all witnesses will testify only remotely and not in a courtroom, each party must bring a paper set of its exhibits for the witness, and, if there are more than 10 exhibits, the paper exhibits must be tabbed and presented in a three-ring binder.  If there are more than two parties or many exhibits, contact the courtroom deputy at 503-326-1527 for label assignments.  Except for good cause shown, no exhibit will be received in evidence at trial unless presented in accordance with this order.

5.      Trial Briefs:  Trial briefs must not exceed 20 pages.  Any motion to authorize the filing of an over-length brief must be filed no later than three business days before the brief is due.

6.      Testimony to be Presented by Deposition:  Any party offering a deposition transcript as substantive evidence must electronically file a copy of the transcript, with those portions sought to be admitted highlighted or underlined.  This requirement does not apply to a deposition transcript used to refresh recollection or for impeachment or rebuttal.  If a party does not timely object to marked deposition testimony, the objection will be waived.

7.      Objections to Authenticity:  In the absence of a timely objection to authenticity, an exhibit will be considered authenticated.  All other objections to admission of an exhibit may be raised at trial.

8.      Modifications to This Order or the Stipulated Scheduling Order: Requests for modification of any deadline set by, or other requirement of, this order or the stipulated

Page 2 of 3 –    STIPULATED SCHEDULING ORDER REGARDING CLAIM NO. 526 (TED BIRO)

scheduling order must be made by written motion, even if the parties have agreed to the modification.  The motion must be supported by an affidavit or declaration showing good cause, appropriate use of time, and that the motion is being made at the earliest time practical.  The affidavit or declaration must state the number of prior extensions or continuances, that the movant has consulted the opponent about the request, and whether the opponent consents or objects to the requested modification.  If a motion to extend a discovery deadline arises from the opponent's failure to comply with a discovery obligation, the motion must be accompanied by a motion to compel discovery.

# # #

Presented by:

TONKON TORP LLP

By */s/ Ava Schoen*
    Timothy J. Conway, OSB No. 851752
    Ava Schoen, OSB No. 044072
    888 SW Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:    (503) 221-1440
    Facsimile:    (503) 274-8779
    Email:    tim.conway@tonkon.com
    Attorneys for Debtor

IT IS SO STIPULATED:

TONKON TORP LLP

By */s/ Ava Schoen*                                             */s/ Ted Biro*
    Timothy J. Conway, OSB No. 851752        Ted Biro, Claimant
    Ava Schoen, OSB No. 044072
    Attorneys for Debtor

043989\00001\17786365v1

Page 3 of 3 –    STIPULATED SCHEDULING ORDER REGARDING CLAIM NO. 526
               (TED BIRO)

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440