

Ava Schoen
ava.schoen@tonkon.com
Admitted in Oregon and New York

503.802.2143   direct
503.221.1440   main

February 25, 2025

The Honorable David W. Hercher
U.S. Bankruptcy Court
1050 SW Sixth Ave.
Portland, OR 97204

Re:     **Claim 501 of Matthew Larson
         In re: Van's Aircraft, Inc., Case No. 23-62260-dwh11**

Dear Judge Hercher,

Today our office uploaded a proposed Order on Claim Objection relating to Claim 501 of Matthew Larson, which would disallow Mr. Larson's claim in full.  This letter is to provide some context for our submission of that proposed order.

Mr. Larson filed Claim 501 on February 12, 2024.  Van's Aircraft Inc., ("Van's") objected to Claim 501 on August 14, 2024 (the "Claim Objection") (ECF No. 274).  Thereafter, a Stipulated Scheduling Order Regarding Claim 501 was entered (the "Scheduling Order") (ECF No. 737) and a settlement conference was scheduled for January 17, 2025 (ECF No. 739).  The parties were unable to resolve the Claim Objection during the settlement conference.

Having learned more facts since filing the Claim Objection and having not settled the Claim Objection, Van's filed an amended claim objection on January 17, 2025 (the "Amended Claim Objection") (ECF No. 759).  The Amended Claim Objection was not frivolous or a form of subterfuge.  It raises issue with the new fact that Mr. Larson sold the aircraft kits that formed the basis of his claim.

The Amended Claim Objection (using LBF 763), expressly stated that "within 30 days from service of the date below, [Mr. Larson] must do one of the following" – either obtain a written withdrawal of the Amended Claim Objection or file and serve a written response to the Amended Claim Objection.

The 30-day response period (adjusted for the weekend and President's Day) expired on February 18, 2025.  Mr. Larson did not respond by that deadline or thereafter.  Pursuant to the terms of the Amended Claim Objection (using LBF 763), if a claimant does not obtain a written withdrawal of a claim objection or file and serve a written response within 30 days of the service date, the Court may "reduce,

Honorable David W. Hercher
February 25, 2025
Page 2

modify, or eliminate [the] claim without further notice or hearing." For these reasons, Van's uploaded the aforementioned proposed Order on Claim Objection.

After filing the Amended Claim Objection, Van's and Mr. Larson continued to engage in discovery, as they were permitted and required to do to satisfy certain deadlines in the Scheduling Order. The parties' ongoing discovery did not eliminate Mr. Larson's obligation to respond to the Amended Claim Objection, which was clearly set out on the face of the Amended Claim Objection if he wanted to preserve his claim.

For the foregoing reasons, Van's believes entry of the Order on Claim Objection is appropriate.

Sincerely,

/s/ Ava L. Schoen


Ava Schoen

ALS/sf


043989\00004\18105321v2