Matthew Larson
5028 Zenith Ave South
Mpls, MN 55410
612.750.3789

# UNITED STATES BANKRUPTCY COURT DISTRICT OF OREGON

In re: VAN'S AIRCRAFT, INC., Debtor.

Case No. 23-62260-dwh11

---

# MOTION TO COMPEL INITIAL DISCLOSURES

COMES NOW, Matthew Larson, Creditor, and hereby moves this Honorable Court for an order compelling Van's Aircraft, Inc. ("Debtor") to provide initial disclosures that comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure. In support of this motion, Creditor states as follows:

## I. BACKGROUND

1. Creditor filed Claim No. 501 in this bankruptcy case, asserting a claim arising from the Debtor's delivery of defective laser-cut aircraft parts in lieu of promised punched parts, which also contributed to the Debtor's bankruptcy.

2. The Debtor has objected to Creditor's claim and a hearing is scheduled for June 6, 2025.

3. Creditor served requests for initial disclosures pursuant to FRCP 26(a)(1) to prepare for the claim objection hearing.

4. On February 19, 2025, Debtor served its initial disclosures, a copy of which is attached as Exhibit A.

5. Prior to this motion, Creditor attempted to engage in informal discovery with the Debtor via email. The Debtor refused to cooperate with any informal discovery requests, stating: "WE WILL NOT BE RESPONDING TO YOUR INFORMAL DISCOVERY REQUESTS". Copy of this email is attached as Exhibit B.

## II. ARGUMENT

Debtor’s initial disclosures are deficient and fail to comply with the requirements of FRCP 26(a)(1) for the following reasons:

A. Failure to Identify Specific Witnesses (Rule 26(a)(1)(A)(i)):

1. Debtor’s disclosure lists only three individuals: Creditor, the subsequent purchaser, and a sales manager.

2. Debtor fails to identify any individuals with knowledge of the following critical subjects:

• The decision to switch from punched to laser-cut parts.
• The design, testing, and quality control of the laser-cut parts.
• The safety concerns and known defects associated with the laser-cut parts.
• The internal communications regarding the manufacturing change and related issues. Including but not limited FAA inspectors and other aviation professionals.

3. The statement that Debtor "reserves the right to call as a witness any person identified by Matthew Larson or any person identified during the course of discovery" does not fulfill their obligation to provide their own list of potential witnesses with discoverable information.

4. The identification of Greg Hughes is insufficient. The subject of his information is limited to sales records. Others likely possess far more discoverable information related, to the sales of the defective kits.

B. Insufficient Document Description (Rule 26(a)(1)(A)(ii)):

1. Debtor’s description of documents is overly broad and lacks specificity.
2. Debtor fails to describe categories of documents related to:

* Manufacturing records.
* Engineering drawings and specifications.
* Quality control reports and **test data from 3rd parties.**
* Customer complaints and correspondence.
* Internal communications, including emails and memos.
* Any documents related to the safety and airworthiness of the laser-cut parts.

3.  Stating that documents are "located on servers operated by Van's" is insufficient. Debtor must provide specific locations and descriptions of the documents.

C. Failure to Address Damages (Rule 26(a)(1)(A)(iii)):

1.  Debtor's response of "Not applicable" is incorrect. As the Debtor objects to Creditor's claim, they must have a position on the value of the claim.

2.  Debtor must provide a computation of damages as they perceive them, even if they claim zero damages, and explain the basis for that computation.

D. Refusal of Informal Discovery:

1.  Debtor's refusal to participate in informal discovery, as evidenced by Exhibit B, demonstrates a lack of cooperation and necessitates this formal motion.

2.  The federal rules encourage cooperation and informal discovery. The Debtor's refusal is contrary to this principle.

## III. PRAYER FOR RELIEF

WHEREFORE, Creditor respectfully requests that this Honorable Court enter an order:

1.  Compelling Debtor to provide initial disclosures that comply with FRCP 26(a)(1).

2.  Requiring Debtor to specifically identify witnesses and documents related to the manufacturing change, quality control, safety, and damages.

3.  Requiring Debtor to provide a detailed computation of damages.

4.  Awarding Creditor such other and further relief as the Court deems just and proper.

Respectfully submitted,


Matt Larson

---

## CERTIFICATE OF SERVICE

I, Matthew Larson, hereby certify that on March 9, 2025, I served a copy of the foregoing Motion to Compel Initial Disclosures upon the following party by Electronic Mail:

Timothy J. Conway
Michael W. Fletcher
Ava Schoen

EXHIBIT A: Debtor's Initial Disclosures
EXHIBIT B: Copies of Emails Regarding Informal Discovery

# EXHIBIT A

Timothy J. Conway, OSB No. 851752
Direct Dial: (503) 802-2027
Email: tim.conway@tonkon.com
Michael W. Fletcher, OSB No. 010448
Direct Dial: (503) 802-2169
E-Mail: michael.fletcher@tonkon.com
Ava Schoen, OSB No. 044072
Direct Dial: (503) 802-2143
Email: ava.schoen@tonkon.com
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Main: 503.221.1440
Facsimile: 503.274.8779

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Van's Aircraft, Inc.,<br><br>Debtor. | Case No. 23-62260-dwh11<br><br>**VAN'S AIRCRAFT INC.'S INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Van's Aircraft, Inc. ("Van's") hereby submits its Initial Disclosures.

## GENERAL STATEMENTS

Pursuant to Rule 26(a)(1)(A), the following information is provided based on the information reasonably available to Van's at present. However, Van's has not completed its discovery and/or investigation of the facts underlying this action, nor has it completed its preparation of this case for hearing. Accordingly, these Initial Disclosures are provided without prejudice to Van's right to amend, supplement or change said Initial Disclosures if and when additional, different, or more accurate information is identified or becomes available. Moreover, these Initial Disclosures are subject to correction for inadvertent errors or omissions if any such errors or omissions are later found to exist.

Van's expressly reserves the right to supplement these Initial Disclosures. Nothing in these Initial Disclosures is intended to be an admission of any fact, a waiver of any claim or defense, affirmation of the existence or admissibility of any document, or an agreement with or acceptance of any of Matthew Larson's legal theories or allegations.

The information set forth below is provided without waiving (1) the attorney-client privilege or the protection of the work-product doctrine; (2) the right to object to the use of any such information for any purpose, in this action or any other action, on the grounds of any other privilege, relevancy, materiality, and/or any other appropriate grounds; (3) the right to object to any discovery involving or relating to the information disclosed or documents identified below; or (4) the right to revise, correct, supplement, or clarify any of the information provided below, at any time.

**INITIAL DISCLOSURES**

**A. Rule 26(a)(1)(A)(i):**

**[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment**[.]

**Response:**

Van's reserves the right to call as a witness any person identified by Matthew Larson or any person identified during the course of discovery. Without in any way waiving any applicable privilege and based on the information currently available, Van's identifies the following individuals as likely to have discoverable information that Van's may use at the hearing set for June 6, 2025 ("the Hearing"):

1. Matthew Larson: Mr. Larson filed claim #501 in the above-captioned case (the "Claim"), which Claim is the subject of the Hearing. Mr. Larson has information about the sale to Mike Angell of the quick-build wings kit and a quick-build fuselage kit (the "Kits") that formed the basis of Mr. Larson's Claim.

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

2. Mike Angell: Mr. Angell purchased the Kits that formed the basis of Mr. Larson's Claim from Mr. Larson.

3. Greg Hughes, Van's Sales Manager, 14401 Keil Road NE, Aurora, OR 97002, 503-678-6545: Mr. Hughes is familiar with Van's sales books and records, which reflect that Mr. Larson sold the Kits that formed the basis of Mr. Larson's Claim to Mr. Angell.

**B. Rule 26(a)(1)(A)(ii):**

**[A] copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]**

**Response:**

Van's reserves the right to use all documents identified by Mr. Larson in his Initial Disclosures or any supplementation or amendment thereto, and all documents produced during the course of discovery in this matter. Based upon the information currently available, Van's believes that the following categories or types of documents and/or tangible things in the possession, custody or control of Van's may be relevant to this matter but reserves the right to supplement these Initial Disclosures without waiver of any claim, defense, or evidentiary proof. Documents include documents evidencing the transactions between Van's and Mr. Larson for the purchase/sale of the Kits and documents evidencing the transactions between Mr. Larson and Mr. Angell for the purchase/sale of the Kits.

The above-listed documents are in Mr. Larson's possession and/or are located on servers operated by Van's. To the extent Van's has any relevant paper documents, they are in the corporate offices of Van's in Aurora, Oregon.

**C. Rule 26(a)(1)(A)(iii):**

**[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or**

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

**protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]**

**Response:**

Not applicable.

**D. Rule 26(a)(1)(A)(iv):**

**[F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**Response:**

Not applicable.

DATED: February 19, 2025.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava Schoen, OSB No. 044072
Attorneys for Debtor

**TONKON TORP LLP**
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **VAN'S AIRCRAFT INC'S INITIAL DISCLOSURES** were served on Matthew Larson by electronic mail and by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to Mr. Larson's last-known address, and depositing it in the U.S. mail at Portland, Oregon on the date set forth below.

DATED: February 19, 2025.

TONKON TORP LLP

By */s/ Timothy J. Conway*
Timothy J. Conway, OSB No. 851752
Michael W. Fletcher, OSB No. 010448
Ava Schoen, OSB No. 044072
Attorneys for Debtor

043989\00001\18064227v1

TONKON TORP LLP
888 SW FIFTH AVE., SUITE 1600
PORTLAND, OR 97204
503.221.1440

# EXHIBIT B

**Matt Larson <mattylars@gmail.com>**

# RE: Claim No. 501 - RULE 408 protected communication [IMAN-PDX.FID1246570]

**Ava Schoen** <ava.schoen@tonkon.com> Sun, Nov 17, 2024 at 4:50 PM
To: Matt Larson <mattylars@gmail.com>
Cc: Tim Conway <tim.conway@tonkon.com>

Matt,

We will not be responding to your informal discovery requests. If we cannot agree on a scheduling order, we will ask to court to set another pretrial conference. Please confirm if you would like us to do so.

[Quoted text hidden]